# CASES

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## MIDDLE DISTRICT—HARRISBURG, 1874.

## Mishler *versus* Reed & Henderson.

1. On the face of a note on a printed form, made by Frey payable to the order of Mishler at the bank of Reed, "without defalcation for value received;" was, "credit the drawer," which was not signed by Mishler. The note was endorsed by him, discounted by Reed and the proceeds passed to the credit of Frey. In an action by Reed against Mishler, evidence by him that it was an accommodation note, that he declined to endorse unless the proceeds went to his credit, and declined to sign under "credit the drawer," and endorsed with the understanding that the proceeds were to go to his credit, was inadmissible without notice to Reed of these facts when he discounted the note.

2. Reed discounting the note without knowledge that Mishler was to control the proceeds, was a bonâ fide purchaser for value and could not be affected by an understanding between Mishler and Frey.

3. Not subscribing "credit the drawer," was not notice to Reed, but in connection with the endorsement was evidence that the parties did not intend to use it according to the printed form.

4. That the note was in the possession of the maker before due, was not evidence that he had paid it.

5. Eckert *v.* Cameron, 7 Wright 120, recognised.

May 5th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Lancaster county:* No. 33, to May Term 1874.

This was an action brought May 4th 1872, by John K. Reed and Amos S. Henderson, trading, &c., as Reed & Henderson, against Benjamin Mishler, as endorser of the following note;—

(76)

[Mishler *v.* Reed.]

"$200.          ·          Lancaster, Pa., Feb. 24th 1872.

"Sixty days after date I promise to pay to the order of B. Mishler, at the banking-house of Reed & Henderson, two hundred dollars, without defalcation, for value received.

"Credit the drawer.          JACOB F. FREY.

"Endorsed, B. MISHLER."

The case was tried October 29th 1873, before Livingston, P. J.

The plaintiff gave the note in evidence, and that it had been discounted by them. It was admitted that the proceeds went to the credit of Jacob F. Frey in plaintiff's bank, on his check; that it was a business note, and would not require defendant's check to draw the money. The clerk of the bank, who was examined as a witness, could not state who procured the discount.

The defendant offered to prove "that the note in suit is an accommodation note; that Benjamin Mishler, payee and endorser, declined to endorse said note unless the proceeds, upon its being discounted, went to his own credit, and to effect that, declined to sign his name under the words 'Credit the drawer,' on the face of the note; that he endorsed the note with the understanding that the proceeds were to go to his credit, to keep alive the insurance on the life of J. F. Frey, the premium being then due, and that the last day for the payment of the same. Nevertheless, the plaintiffs discounted the note and placed the proceeds to the credit of J. F. Frey, on his own check."

This was objected to by plaintiffs.

By the court: "There being no offer to prove that the plaintiffs had knowledge of the facts stated in the offer, it is disallowed and a bill of exceptions sealed for defendant."

The court charged the jury to find a verdict for the plaintiffs for the amount due on the note.

The verdict was for the plaintiffs for $220.62.

The defendant took a writ of error. He assigned for error the rejection of his offer of evidence.

*W. R. Wilson* and *O. J. Dickey,* for plaintiff in error.

*G. Nauman,* for defendants in error, was stopped.

Chief Justice AGNEW delivered the opinion of the court, May 18th 1874.

The offer, the rejection of which is assigned for error, lacks an essential element, viz., notice to the plaintiffs of the fact that Frey had no right to control the proceeds of the note. Admitting all the facts offered to be proved, if Reed & Henderson, when they discounted the note, had no knowledge that Mishler was to control the proceeds, they were bonâ fide purchasers of the paper for value,

[Mishler *v.* Reed.]

and cannot be affected by the private understanding between Frey and Mishler. The printed form of the note kept for general use was no notice to the plaintiffs, because the words "Credit the drawer," constituting a part of the printed form, were not subscribed by the payee. On the contrary, the fact that they were not subscribed, and that the note was turned over and endorsed by Mishler in blank, was evidence that the parties did not intend to use the note according to the form. If Mishler intended to control the proceeds, he ought to have endorsed the note specially to his own order or to the credit of his own account. But by his endorsement in blank he sent the note out into the channels of business, to be used by the bearer. The fact that the note is found afterwards in the possession of the maker before it has fallen due, affords no legal presumption that it has been paid and taken up. It is not presumed that the drawer paid it before maturity. This point was decided in Eckert *v.* Cameron, 7 Wright 120.

We discover no error in the rejection of the defendants' offer, and the judgment is affirmed.