## J. W. McRea et al. v. E. McWilliams.

### (Case No. 508.)

1. QUÆRE: When suit is brought against the obligors in a bond for breach of contract, and the breach resulted from an act of the agent of the obligors which was in itself a crime, *quære* whether that fact would authorize the bringing of the suit in the county in which the crime was committed, but in which none of the parties resided, under the seventh exception of art. 1423, Pasch. Dig.
2. PRINCIPAL AND SURETY — MAIL CONTRACTOR.— The sureties on a mail contractor's bond to the United States are responsible only to the government on a breach of the bond; their obligation as sureties is *strictissimi juris,* and they are not responsible to the citizen as sureties on such bond for a failure of their principal to deliver mail packages, whereby damage results.
3. PRACTICE IN SUPREME COURT.— When several defendants against whom judgment has been rendered on a joint obligation prosecute a writ of error, and one fails to join in the writ of error, a reversal as to either will operate a reversal as to all.

ERROR from Polk. Tried below before the Hon. H. C. Pedigo.

This suit was brought in the district court by defendant in error against W. W. Hunter and plaintiffs in error. Petition filed September 4, 1873, and alleged that on the 28th day of April, 1871, the United States, acting by their postmaster general and W W. Hunter, J. W. McRae and W. D. Garey as his sureties, entered into a written contract; that Hunter had been accepted as contractor for transporting the mail on route No. 8650, from Livingston, Texas, via Swartwout, Cold Springs, Waverly and Danville, to Montgomery and back, three times a week, at $1,800 a year, from July, 1871, to June, 1875. Covenants: "The said contractor and his sureties do jointly and severally undertake, covenant and agree with the United States, and do bind themselves: 1st, to carry said mail with certainty, celerity and security. . . . 2d, to carry said mail in a safe and secure manner, free from wet or other injury. . . . 3d,

to take the mail and every part of it from, and deliver it, and every part of it, at each postoffice on the route ·. . . and into the post-office at each end of the route, and into the postoffice at which the carrier stops at night, if one is there kept, and if no office is there kept, to lock it up in some secure place at the risk of the contractor. They also undertake, covenant and agree with the United States, and do bind themselves jointly and severally, as aforesaid, to be answerable for the person to whom the said contractor shall commit the care and transportation of the mail, and accountable to the United States for any damages which may be sustained by the United States through his unfaithfulness or want of care."

The petition alleged that Hunter employed Rasbern and Bishop — men of alleged bad characters — as carriers on said route, in December, 1872; that they, in charge of the mail between Swartwout and Livingston, on the —— day of said month, broke open the pouch containing the mail, and extracted therefrom a registered letter containing $200, the property of plaintiff, and appropriated it to their own use. An amended petition alleged that plaintiff was a citizen of the United States; that the contract was entered into for a public purpose, for the use and benefit of every citizen of the United States, the said states acting by their postmaster general in said contract, for and in behalf of the citizens thereof, and for their benefit and security. The case was tried in October, 1874; judgment for plaintiff against all defendants for $200 and costs. McRae and Garey alone prosecuted a writ of error.

*J. M. Crosson*, for plaintiffs in error.

I. The plaintiffs in error were not liable to McWilliams upon the contract sued upon. There was no privity between them and McWilliams. And certainly, if the suit was upon a breach of duty on the part of Hunter or his agents, then plaintiffs in error were not responsible. They were only Hunter's sureties, "and their liability is a matter of strict law, and cannot be extended by implication or intendment." 2 Tex., 607; 8 Tex., 69, 70. Further, it is "a general rule, that a principal who neither authorizes nor ratifies a wilful trespass committed by his agent is not liable therefor." Gilleland *v.* Drake, 36 Tex., 677; also Foster *v.* Essex Bank, 17 Mass., 479. There is no allegation in the pleadings that Hunter ever authorized or ratified the trespass, if trespass it was. There being no express contract between these plaintiffs in error and McWilliams, can they be bound by any implied contract? The foregoing authorities say not.

. . . II. The rule laid down in Sawyer *v.* Corse is, "That a person who takes upon himself a public employment is liable to third persons in an action on the case for any injury occasioned by his own personal negligence or default in the discharge of his duties, and for any injury occasioned by the negligence or default of his private agent or servant in the discharge of his official duties." No such averment is made in the pleadings in this case. The averments are that Hunter's carriers robbed the mails. Was Hunter himself, much less his sureties, responsible for these acts in this suit? We think not. See 36 Tex., 677; Story on Agency, secs. 318, 456; Saunders' Plead. & Ev., vol. 1, sec. 750; vol. 2, sec. 706; 20 Tex., 197; 8 Tex., 9.

III. The petition shows that neither of the defendants were residents of Polk county. The jurisdiction in this case rested upon subdivisions 4 and 7 of article 1423, Pasch. Dig. As to subdivision 4, the plaintiffs' pleadings showed that Hunter and sureties had made no contract whatever with McWilliams to be performed in Polk or any other county. As to subdivision 7, the plaintiffs' pleadings show that neither Hunter, Garey or McRae had committed any crime, offense or trespass in Polk county.

*Jas. Boone,* also for plaintiffs in error.

*James E. Hill,* for defendant in error.

I. There was no error in overruling the joint general demurrer of defendants below. The only question that could have been raised is as to the liability of plaintiffs in error, and that they are liable I think the peculiar instrument they signed shows. That Hunter is responsible, see Sawyer *v.* Corse, 17 Gratt., 230 *et seq.*

II. The lower court did not err in overruling special demurrers of defendants. Their pleadings were joint; the special demurrers were joint; the allegations are not sufficient to raise an issue on special demurrer. Sayles' Pl., § 84.

III. That the district court had jurisdiction, see Pasch. Dig., 1423, subdivisions 4 and 7.

. . . IX. The ninth assignment states that the district court charged the jury that Hunter was contractor on route No. 8650. This conclusion is incorrect. The charge begins thus: "*If* from the testimony in this case the jury believe." "*If*" controls the sentence and its adjuncts. If this charge is obnoxious to criticism, it cannot be taken advantage of in the absence of counter charge by the party objecting, or a statement of the facts. Defendants below

should have excepted, or tendered special instructions. Engledow v. James, 35 Tex., 81. Was the verdict affected by the charge, even *if* erroneous? 11 Tex., 649; 12 Tex., 209; 16 Tex., 335; id., 563; id., 652; 18 Tex., 615; 23 Tex., 441; 27 Tex., 534; Kaise v. Lawson, 38 Tex., 160. When the evidence of a fact is not disputed, it is taken as established, and the charge of the court should proceed upon that basis. Sayles' Prac., § 599, and cases cited.

X. The tenth assignment is that the district court erred in charging that McRae and Garey were responsible upon the bond sued on, when the purport of the charge is, that "if" a certain state of facts exists that all defendants are responsible. The impression conveyed by this assignment is, that plaintiffs in error had filed a plea presenting an issue of suretyship, and such other special matter as they now seem to have intended to plead. The charge must conform to the pleadings, and the evidence adduced under them, and as plaintiffs in error presented no plea requiring a charge as to them, none was given. Sayles' Prac., § 600. No charge need be given in a civil cause, unless the court be requested to instruct the jury. Metzger v. Wendler, 35 Tex., 378. Having failed to tender special instructions or except to the charge of the court, in the absence of a statement of facts this court will not revise the judgment. Wright v. Donnell, 34 Tex., 305; Powell v. Haley, 28 Tex., 52; Farquhar v. Dallas, 20 Tex., 200; Robinson v. Varnell, *supra;* Cole v. Cole, 17 Tex., 5; Armstrong v. Lipscomb, 11 Tex., 653. "In the absence of a statement of facts, the presumption is that the evidence authorized the verdict." Flanagan v. Ward, 12 Tex., 209. Where the facts are not presented by the record, this court will not undertake to revise the rulings of the court below upon instructions to the jury. McMahan v. Rice, 16 Tex., 339; Dalby v. Booth, 16 Tex., 564; Lewis v. Black, 16 Tex., 652; Dever v. Branch, 18 Tex., 615; Birge v. Wanhop, 23 Tex., 441; McGaughey v. Bendy, 27 Tex., 534. If the plaintiffs in error had any defense to this action, they failed to set it up by appropriate pleadings. We find what is termed by them a "plea in abatement:" 1st. That defendants below were residents of Montgomery county. 2d. That they did not contract with plaintiffs below to perform any obligation in Polk county. 3d. That they did not commit a criminal offense or trespass against plaintiff or her property in Polk county, for which a civil action in damages might have been commenced. 4th. That this suit is brought upon a contract between the United States (acting by their postmaster general) and defendants. No matter here alleged is sworn to, save that contained in the first part. The demurrer to this plea was properly sustained. Willson v. Adams, 15 Tex., 324. The first part

need not have been sworn to; the second part should have been. Had this *quasi* plea in abatement been intended to reach the disability of plaintiff in the district court, it should have given her a better writ; such pleas must not only point out the plaintiff's error, but must show her how it may be corrected, and furnish her with material for avoiding the same mistake in another suit regarding the same cause of action. Sayles' Pl., § 94.

XI. A plea to the jurisdiction of the district court, failing to show what court has jurisdiction, is bad. Sayles' Pl., § 93; Gould's Pl., 237; 1 Chit. Pl., 444. I respectfully submit that defendants in the lower court failing to set up their defense by special plea, it could not be reached by the general denial. Sayles' Pl., § 116 (note 388); Carter *et al. v.* Wallace, 2 Tex., 206; Love *v.* McIntyre, 3 Tex., 10; Tanner *v.* Sayer, 4 Tex., 28; Mayfield *v.* Averett, 11 Tex., 140; Kelly *v.* Kelly, 12 Tex., 452.

DELANY, J. COM. APP.— This suit was brought by the defendant in error upon a contract entered into by W. W. Hunter as principal, and plaintiffs in error as his sureties, with the postmaster general of the United States, for the transportation of the mail. The suit was grounded upon the contract; and plaintiff alleged, as a breach, that one of the mail carriers employed by the defendant Hunter had broken open the mail-bag, and taken out a letter containing $200, which belonged to her, and appropriated the money. This is alleged to have occurred in Polk county.

The plaintiff's cause of action evidently was the failure of the carrier to deliver, at the proper postoffice, the letter containing the money, whereby it had been lost to her. But the robbery is averred, perhaps for the purpose of giving the court jurisdiction in Polk county, under the seventh exception contained in the statute, fixing the venue in civil causes. Pasch. Dig., art. 1423. It is extremely doubtful whether the district court of Polk county had jurisdiction, as all the defendants resided in the county of Montgomery.

The robbery of the mail by the carrier was not the act of either of the defendants.

The duty of the carrier as the servant of Hunter was to carry the mail, not to rob it; it could not therefore be said that either of the defendants had committed a crime, an offense or a trespass in Polk county. And if we consider the suit as grounded upon the failure of the carrier to deliver the letter, that was neither a crime nor a trespass, but a mere default or neglect of duty, and could not give jurisdiction in that county.

But as the sureties only have appealed, and as the case, so far as

they are concerned, can be effectually disposed of, we do not think it necessary to express a decided opinion upon the question of jurisdiction.

There were two motions in arrest of judgment, one by all the defendants, the other by the sureties, the plaintiffs in error. Both were overruled, and these rulings are assigned as error.

The question, then, to be considered is this: Can the plaintiff maintain her action upon this contract as against the sureties? We · say "upon the contract," because if the sureties are held to answer at all, it must be upon the contract.

In this respect there is quite a difference, as we shall presently see, between them and the principal. The latter may perhaps be answerable to the plaintiff upon considerations of policy outside of the contract, but the obligation of the sureties is *strictissimi juris*, and does not extend one jot or tittle beyond what is "nominated in the bond." Smith *v*. Montgomery, 3 Tex., 409–10. This doctrine is elementary.

Even in the case of a principal, it has been strenuously denied that such an action as this can be maintained by private parties against a mail contractor for the default of a mail carrier. See Conwell *v*. Voorhees, 13 Ohio, 523; Hutchins *v*. Brackett, 2 Foster, 252.

Those cases treat the mail contractor as a public agent, engaged in the performance of a public service under a contract with the government, and therefore not responsible for the misfeasance or malfeasance of those employed under him. The first of these decisions, however, is questioned in 1st American Leading Cases, p. 621, and both of them are strongly disapproved in a well considered case decided by the court of appeals of Virginia (17 Gratt., 230).

This Virginia case is the sole reliance of defendant in error for the maintenance of the present suit. Whilst it may be said to sanction this proceeding as against Hunter, the principal, it gives no countenance whatever to the suit against the sureties.

That was a suit against a mail contractor for the loss, by one of his carriers, of a valuable letter belonging to the plaintiff. The sureties, however, were not joined as defendants with the principal, and it is evident that they were omitted, not inadvertently, but by design. It was a common law action of trespass on the case, and the court, in the opinion (238), is careful to remark that the suit is not founded on the contract, but on the breach of duty. It proceeds upon the principle that the contractor is not an officer of ·

the government, but a mere employee; and, being an employee for pay, there is an obligation or duty resting upon him to see that his servants (the mail carriers) faithfully deliver the mail at the proper places; and for the breach of this duty an action will lie in favor of the party injured. But no such duty rests upon the sureties. They receive no pay, and derive no benefits whatever from the arrangement. They are bound solely by the contract, and are responsible only to the party with whom the contract is made.

The bonds of sheriffs, clerks, etc., seem to be an exception to the general rule; but this is by express statutory provision.

We conclude that as to the plaintiffs in error the judgment should be reversed and the cause dismissed.

WILLIE, CHIEF JUSTICE.— The report of the Commissioners of Appeals examined, and their opinion adopted so far as it reverses the cause; but under the authority of the following cases, Dickson v. Burke, 28 Tex., 117; Willie v. Thomas, 22 Tex., 175; Wood v. Smith, 11 Tex., 367, and Burleson v. Henderson, 4 Tex., 49, the judgment below will be reversed as to all the defendants, and the cause remanded.

REVERSED AND REMANDED.