UNITED STATES FIDELITY & GUARANTY COMPANY v. W. S. JASPER ET AL.

Decided May 29, 1909.

**1.—Policeman—Official Bond—Liability of Surety.**

For an unlawful and malicious assault by a policeman, a private individual has no cause of action against a surety on his official bond given to the city to secure the faithful and impartial discharge of his duties by the policeman, in

the absence of averment that the bond was executed for the benefit of persons not parties thereto; and in the absence of an ordinance of the city authorizing suits upon such bonds by persons injured by the unlawful acts of its policeman.

**2.—Bond—Surety—Obligation.**

The obligation of a surety can not be extended beyond the terms of his bond nor to those not parties thereto.

**3.—Case Distinguished.**

Holliman v. Carroll, 27 Texas, 23, distinguished.

Error from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Hunt, Myer & Townes,* for plaintiff in error.—An individual damaged by the wrongful acts of a policeman can not recover therefor against the surety on the official bond of such policeman payable to the city, unless there be some law or ordinance authorizing such recovery. Clough v. Worsham, 74 S. W., 352; McRea v. McWilliams, 58 Texas, 328; Rice v. Vasmer, 110 S. W., 1005; State v. Harris, 89 Ind., 363; White v. Wilkins, 24 Me., 299; State v. Nichols, 76 Tenn. (8 Lea), 657; Todd v. McClenahan, 2 Ky., 304; 15 Ency. Plead. & Prac., pp. 107 and 120; Broussard v. Hinds, 101 S. W., 855.

*McCart, Bowlin & McCart,* for defendants in error.

CONNER, CHIEF JUSTICE.—This suit was instituted in the District Court by defendant in error W. S. Jasper, against Tom Haynie and plaintiff in error, the United States Fidelity & Guaranty Company, surety on the official bond of said Haynie as a policeman of the city of Fort Worth in the sum of five hundred dollars, to recover twenty-five hundred dollars actual and twenty-five hundred dollars exemplary damages for an alleged malicious and unlawful assault and battery by Tom Haynie upon W. S. Jasper on the 7th day of February, 1908. On May 22, 1908, judgment by default was rendered against said Tom Haynie and plaintiff in error for the sum of five hundred dollars, the judgment reciting that said defendants had been duly cited and that they had failed to appear and answer.

Plaintiff in error within due time sued out the present writ of error, and among other things contends that the judgment was unauthorized in that the petition upon which it is predicated contained no allegation of an ordinance or law of the city of Fort Worth authorizing suits by individuals upon such bonds as the one sued upon. We are of opinion that the contention must be sustained. The obligation of the surety can not be extended beyond the terms of his bond nor to those not parties thereto. While the judgment imports the truth of every material allegation of fact made in the petition, inferences can not be indulged beyond this. The policeman Haynie must therefore be held liable to defendant in error for the unlawful assault exhibited by the pleading upon which the judgment rests, but plaintiff in error, as appears from the petition, not being a party to such assault, and the bond given by plaintiff in error to secure the faithful and impartial discharge of Haynie's duties as a policeman having been made to the

city of Fort Worth, is not liable to defendant in error in the absence of averment that the bond was executed for the benefit of persons not parties thereto, and in the absence of an ordinance of the city authorizing suits upon such official bonds by persons injured by the unlawful acts of its policemen.   See Cushing v. Lickert (Neb.), 112 N. W., 616; Alexander v. Ison, 33 S. E., 657 (Ga.); Clough v. Worsham, 32 Texas Civ. App., 187; McRea v. McWilliams, 58 Texas, 328; Rice v. Vasmer, 110 S. W., 1005; State v. Harris, 89 Ind., 363; White v. Wilkins, 24 Maine, 299; State v. Nichol, 76 Tenn. (8 Lea), 657; Todd v. McClenahan, 2 Ky., 304.

Defendant in error cites as supporting a contrary view Holliman v. Carroll, 27 Texas, 23, and Murfree on Official Bonds, sections 655-656.   These authorities, however, are distinguishable in that they go to the question of whether the acts complained of in order to create a liability on the part of the surety must have been done *virtute officii,* and not whether, as here, the party suing has right of recovery at all. In the case of sheriffs we now have and have long had a State law which authorizes suits upon their official bonds "in the name of any person injured."   Revised Statutes, article 4892; McRay v. McWilliams, *supra.*   But we have no similar law of the State so authorizing suits upon official bonds given by policemen of municipalities.   Nor, however desirable it may be in a public sense, was such authority given in the Act approved June 10, 1897 (Gen. Laws 1897, page 244), authorizing corporations, with certain exceptions, to become sureties.

We conclude that as to plaintiff in error the petition showed no right of recovery, and the judgment therefore as to such plaintiff must be reversed and the cause remanded, the judgment as against Tom Haynie not being disturbed.

*Reversed and remanded.*