UNITED STATES FIDELITY & GUARANTY COMPANY v. SOL CRITTEN-
DEN ET AL.

Decided October 13, 1910.

**1.—Policeman—Assault and Battery—Official Bondsmen—Liability.**

The official bond of a policeman of a city being payable to the city, and conditioned on the faithful performance of his official duties, and there being no general provision of law and nothing in the charter of said city and no city ordinance authorizing suit upon such bond by an individual for an assault and battery of such officer, a surety on the bond would not be liable to the individual for such wrong done by such officer.

**2.—City Charter—Special Law—Judicial Cognizance.**

The courts will take judicial cognizance of the provisions of a city charter, although granted by a special Act of the Legislature, when it is so provided in the Act.

**3.—Official Bond—Liability of Sheriff and Constable.**

It is not by express statute that an individual is given a right of action on the official bond of a sheriff, constable or clerk.

Error from the County Court of Tarrant County. Tried below before Hon. C. T. Prewett.

*Hunt, Myer & Townes,* for plaintiff in error.—An individual damaged by the wrongful acts of a police officer, can not recover against the surety on the official bond of such police officer payable to the city, unless there be some law or ordinance authorizing such recovery. U. S. F. & G. Co. v. Jasper, No. 6123 on docket of this court and decided May 29, 1909; Clough v. Worsham, 74 S. W., 352; McRae v. McWilliams, 58 Texas, 328; Rice v. Vasmer, 110 S. W., 1005; State v. Harris, 89 Ind., 363; White v. Wilkins, 24 Me., 299; State v. Nichol, 76 Tenn. (8 Lea), 657; Todd v. McClenahan, 2 Ky., 304; 15 Enc. Plead. & Prac., pp. 107 and 120; Broussard v. Hinds, 101 S. W., 855.

No brief for defendant in error.

LEVY, ASSOCIATE JUSTICE.—The plaintiff in error is a surety on the official bond of John Lane as a police officer of the city of Fort Worth. The bond is in the sum of $500, and is payable to the city of Fort Worth, conditioned upon the faithful performance by Lane of his duties as a police officer. Claiming that he was assaulted and wrongfully imprisoned by Lane while acting in his official capacity as a police officer of the city of Fort Worth, the defendant in error Crittenden sued such officer and plaintiff in error as his surety on his official bond. Judgment by default was rendered in favor of the defendant in error Crittenden against both the principal and surety on the bond for the amount of the bond. Plaintiff in error by proper assignments challenges the judgment rendered against it as surety on the bond.

The bond, it is seen, is an official bond payable to the city of Fort

Worth and conditioned on the faithful performance of official duties. Unless there be some express provision of law, which would be read into the bond as a part thereof, authorizing suit upon such official bond by an individual for a wrong done him by an officer, then the well settled principle of law that the obligation of a surety can not be extended beyond the terms of his bond nor to one not a party thereto would seem to be applicable, as the bond only created relations between the city as an entity, which the official represented, and such official. Clough v. Worsham, 32 Texas Civ. App., 187 (74 S. W., 350); Fidelity & Guaranty Co. v. Jasper, 56 Texas Civ. App., 236 (120 S. W., 1145).

Looking to the charter of the city of Fort Worth, which we are required by section 130, Special Laws of 1907, p. 81, to take judicial cognizance of, there is no provision found in the charter authorizing suits upon official bonds of policemen by persons injured by the unlawful acts of policemen, nor any provision that the bond so required of them when executed shall be for the benefit of the individual who considers himself aggrieved by misperformance of duties on the part of policemen. There is no allegation in the petition, and it does not appear in the record, that any ordinance of the city authorizes suits upon such official bonds by persons injured or aggrieved by unlawful acts or misperformance of duties of its policemen. It was not claimed in the petition that plaintiff in error was a party to the assault and imprisonment. If such ordinance existed it was incumbent on defendant in error Crittenden, in order to maintain a suit on the bond against the surety, to allege it; and it not being alleged, it must be said that the petition showed no right of recovery. Fidelity & Guaranty Co. v. Jasper, *supra*. It is to be noted that the right of the injured person to sue on the official bond of a clerk, sheriff or constable is expressly given by statute. Arts. 1082, 4892, 4911, Rev. Stats. It does not follow, however, that the petition in this case does not show a cause of action against the police officer independent of the bond. Therefore, on the authority of the cases cited, the judgment against plaintiff in error is reversed and here rendered in its favor with all costs in this court and the court below; the judgment against defendant in error John Lane not being disturbed.

*Reversed and rendered in part, and affirmed in part.*