MARTIN v. BLAIR & HUGHES CO.*
(No. 8361.)

(Court of Civil Appeals of Texas. Ft. Worth. April 15, 1916. Rehearing Denied May 20, 1916.)

1. GUARANTY ☞30 — REQUISITES — WRITTEN GUARANTY—FORM.

Where defendant wrote to the president of a corporation guaranteeing a third party's debt he knew was due the corporation, the guaranty was available to the corporation.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 30–32; Dec. Dig. ☞30.]

2. GUARANTY ☞36(2)—OPERATION—EXTENT OF LIABILITY.

Where defendant guaranteed a third party's debt due plaintiff, he was liable only for the then existing debt with legal interest, and not for the interest and attorney's fees stipulated in notes subsequently made by the debtor to plaintiff for the debt in question.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 38; Dec. Dig. ☞36(2).]

Appeal from District Court, Wichita County; J. W. Akin, Judge.

Action by the Blair & Hughes Company against F. D. Martin. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

A. T. Cole, of Clarendon, for appellant. Huff, Martin & Bullington, of Wichita Falls, for appellee.

BUCK, J. Plaintiff, Blair & Hughes Company, a corporation, filed suit against F. D. Martin, in the district court of Wichita county, May 15, 1915. Defendant's answer consisted of a general demurrer, general denial, and a plea of absence of consideration for the execution of the letter and instrument set out in plaintiff's petition, and under which Martin was sought to be bound. It is agreed by the parties hereto that the facts set out in plaintiff's original and supplemental petitions are true, but it is contended by the defendant that such facts do not constitute a cause of action against him. Therefore, as a predicate to our conclusions as to this issue, we will note herein what we consider to be the material portions of such pleadings.

Plaintiff alleged it was a corporation doing a wholesale grocery business, with its domicile at Wichita Falls, Tex., and that the Martin-Bennett Company was a mercantile corporation, with its place of business at Jericho, Tex. That F. D. Martin, during 1913 and 1914, was a stockholder in said latter corporation. That on March 21, 1914, Martin-Bennett Company was indebted to plaintiff in the sum of $1,098.71, for merchandise, and that the account was at said time long past due. That plaintiff was de-

manding payment of said account, and informed said defendant Martin of the existence of said indebtedness, and that unless personal, or other satisfactory, security was given plaintiff, it would no longer carry said account. That for the purpose of inducing plaintiff to close said account with notes, and to extend the time of payment of said indebtedness, defendant Martin wrote the following letter to Wiley Blair, president of plaintiff company.:

"Ft. Worth, Texas, March 21, 1914.

"Mr. Wiley Blair, Wichita Falls, Texas—Dear Mr. Blair: After my phone conversation with you a few days ago, I wrote to Mr. Bennett in regard to the Jericho matter. I had a letter from him to-day stating that he had taken up this matter with your representative and that he would be able to pay your firm this summer, and had offered to close the matter with note. He assures me that he will be able to pay every dollar the firm owes, if given time. When I left there I turned everything over to Bennett with the understanding that he would liquidate, and I have every confidence in his ability to do so. I appreciate the courteous and lenient manner in which you have treated us, and assure you, you will not lose anything on the Martin-Bennett Co., and you can look to me to see that this promise is carried out.' Bennett is straight as a string, and you can absolutely rely on his making good any promise he makes. I feel sure you and he can adjust this matter, and having put it in his hands I would rather he make the settlement. If you are in Ft. Worth, any time soon, I would be glad to talk this over with you. Bennett wrote me that he is getting the accounts due the firm into secured notes payable this fall.

"With kind personal regards, I am,

"Yours very truly,
				"[Signed] F. D. Martin."

That defendant Martin caused the letter to be delivered to plaintiff, and thereby promised to answer for the debt of Martin-Bennett Company. That plaintiff accepted said guaranty contained in said letter, and so advised defendant. In pursuance of said agreement between plaintiff and defendant, plaintiff accepted three notes, each for $200, and one note for $498.71, all dated April 1, 1914, bearing interest at 10 per cent. per annum from date, and 10 per cent. attorney's fees, payable at Wichita Falls; said notes being signed by Martin-Bennett Company, acting by its vice president, J. G. Martin. That subsequently Martin-Bennett Company became insolvent, and that the only payments made on said notes, which were alleged to be past due, aggregated $184.51. Plaintiff sued for the balance of principal, interest, and attorney's fees, as the notes provided. It was alleged that defendant had been duly notified of the failure of Martin-Bennett Company to pay said notes, and that he had failed to pay the same. . That Martin-Bennett Company had been adjudicated a bankrupt.

Judgment was rendered June 21, 1915, for plaintiff in the sum of $1,136.40, and defendant appeals.

[1] We conclude that the trial court did

not err in holding defendant liable as a guarantor. While it is a generally accepted principle that only the particular person to whom the guarantee is made, or to whom it is directed, has the legal right to act thereunder or rely thereon, and that the law of guaranty must be strictly construed and applied, it being lex strictissimi juris (Smith v. Montgomery, 3 Tex. 199; Brandt on Suretyship and Guaranty, § 117; Donley v. Bush, 44 Tex. 8; McRea v. McWilliams, 58 Tex. 333; Schoonover v. Osborne, 108 Iowa, 458, 79 N. W. 265; Crane v. Specht, 39 Neb. 131, 57 N. W. 1018, 42 Am. St. Rep. 567), yet we think the fact that this letter was directed to Wiley Blair, whom the petition alleges to have been the president of plaintiff corporation, would not cause the offer to come within the inhibition of the strict rule laid down by the authorities. Plaintiff, being a corporation, must have acted through its duly constituted officers. It is shown that the indebtedness due by Martin-Bennett Company was to the Blair & Hughes Company, not to Blair as an individual, of which fact defendant was well informed. It is admitted, as alleged in the petition, that the letter was written to "Wiley Blair, president of Blair & Hughes Company." As it is said in 20 Cyc. p. 1431:

"Where it appears upon the face of the letter of guaranty that it is addressed to some one in a representative capacity, or there is some uncertainty as to who is intended to avail himself of the guaranty, parol evidence is admissible to identify the real party in interest."

Where the offer was made to a person designated as president, parol evidence was held to be admissible to show that the real party intended was the bank of which the addressee was president. Bank v. Peck, 28 Vt. 200, 65 Am. Dec. 234. It was pleaded, and therefore admitted as true, that defendant "caused this memorandum in writing * * * to be delivered to plaintiff, and thereby promised to plaintiff to answer to it for the debt of the said Martin-Bennett Company."

While we have carefully examined appellant's 26 assignments, the first 25 presenting practically the same questions, yet we do not deem it necessary to discuss each separately. We find no reversible error presented in said assignments 1 to 25, inclusive, and hence they are overruled.

[2] The twenty-sixth and last assignment alleges error in the action of the court in rendering judgment for 10 per cent. interest on the notes, and 10 per cent. attorney's fees, and we believe the contention should be sustained. The promise or guaranty of defendant, as we view it, went only to the debt then owing plaintiff, and should not be extended so as to include more than the principal sum due April 1, 1914, when the open account was closed by notes, with legal interest thereafter. Vogelsang v. Mensing, 1 White & W. Civ. Cas. Ct. App. § 1165.

Therefore we will reform the judgment, so as to give plaintiff judgment for the principal due April 1, 1914, less the payments made and pleaded, with interest at 6 per cent., and, as so reformed, the judgment will be affirmed. The costs of appeal will be taxed against appellee.

Reformed and affirmed.