MOODY, Governor of Texas, ex rel. UNITED STATES v. MEGEE et al.

District Court, S. D. Texas, at Galveston.
February 18, 1929.

No. 979.

Howell Ward, Asst. Dist. Atty., of Houston, Tex., for the Government.

Terry, Cavin & Mills, of Galveston, Tex., for defendants.

HUTCHESON, District Judge. This is a general demurrer to the suit of the United States on the bond of Charles R. Megee, branch pilot, the bond being in the sum of $5,000 and payable to the Governor of the State of Texas, and conditioned for the faithful performance of the duties of his office.

The United States, having obtained judgment in A. D. No. 1284 against Charles R. Megee for damages sustained to one of its ships while in his charge to the extent of some $15,000, now sues the defendant American Indemnity Company upon the bond of Megee for satisfaction, to the amount of the bond, of their judgment.

Defendant demurs generally to the action, that the matters complained of are not covered by the bond, and that there is no accountability on the bond except to the obligee, the Governor of the State of Texas.

I agree with defendant that at common law the only persons entitled to recover upon a bond are the beneficiaries named in the text, and that it is the rule that only by statute are persons not named or in privity with the obligor in the bond entitled to sue on it, and then only in the event such right is either expressly or by unavoidable intendment given by the statutes themselves. Sunter v. Fraser et al., 194 Cal. 337, 228 P. 660; Cushing v. Lickert, 79 Neb. 384, 112 N. W. 616; Alexander v. Ison, 107 Ga. 745, 33 S. E. 657; Commonwealth v. Hatch, 5 Mass. 191. This I believe to be the general rule of law.

Whether so or not, this is a suit upon a bond required by the statutes of the state of Texas, and the obligation of the surety must be measured by the decisions of that state thereon. These decisions are uniform against the recovery. McRea v. McWilliams, 58 Tex. 328; Clough v. Worsham, 32 Tex. Civ. App. 187, 74 S. W. 350; U. S. F. & G. Co. v. Jasper, 56 Tex. Civ. App. 236, 120 S. W. 1145; U. S. F. & G. Co. v. Crittenden, 62 Tex. Civ. App. 283, 131 S. W. 232.

This disposition makes it unnecessary to pass upon the contention of the defendant that it has the right to retry the issues of Capt. Megee's tort liability, except to say that I believe the true principle governing such matters is stated in Strathleven v. Baulch (C. C. A.) 244 F. 412. As explained there and in the cited case of Burley v. Compagnie (C. C. A.) 194 F. 335, the former judgment would be res adjudicata as to the liability of the surety, for when a "person is responsible over to another by operation of law, or by express contract, and he is fully informed of the claim, and that the action is pending, and has full opportunity to defend," or participate in the defense, "the judgment, if obtained without fraud or collusion, will be conclusive against him," whether he has appeared or not, as to all defenses which they could have interposed in that suit.