**MOODY, Governor of Texas, ex rel. UNITED STATES v. MEGEE et al.**

**No. 5586.**

Circuit Court of Appeals, Fifth Circuit.

June 21, 1930.

H. M. Holden, U. S. Atty., and Howell Ward, Asst. U. S. Atty., both of Houston, Tex., for appellant.

Ballinger Mills and Joyce Cox, both of Galveston, Tex. (Terry, Cavin & Mills, of Galveston, Tex., on the brief), for appellee American Indemnity Co.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

The United States brought this suit to recover on the bond of Charles R. Megee, a pilot, for damages caused to the steamship Eldena through the negligence of Megee. A general demurrer was sustained and the suit dismissed.

The law of Texas provides that navigation and canal commissioners of navigation districts shall constitute pilot boards with the right to appoint, suspend, or dismiss from office branch pilots or deputy pilots of their respective ports, examine and determine upon their qualifications, and that all branch pilots, appointed shall enter into bond with one or more good and sufficient sureties in the sum of $5,000, payable to the Governor, conditioned upon the faithful performance of the duties of his office. R. C. S. 1925, arts. 8248, 8250–8253. The condition of the bond in suit conforms to the requirement of the law.

■ It is elementary that bonds required by statute are to be strictly construed and are not to be extended by implication beyond the clearly expressed intent of the statute. The District Court, relying upon the following Texas cases, to-wit: McRea v. McWilliams, 58 Tex. 328; Clough v. Worsham, 32 Tex. Civ. App. 187, 74 S. W. 350; U. S. F. & G. Co. v. Jasper, 56 Tex. Civ. App. 236, 120 S. W. 1145; U. S. F. & G. Co. v. Crittenden, 62 Tex. Civ. App. 283, 131 S. W. 232, and other cases declaratory of the general law, which it is unnecessary to cite, held that the bond did not run in favor of third persons. Undoubtedly the cases cited support this conclusion.

■ Appellant, however, insists that the question presented is one of general law, as the statute involved has not been construed by the Supreme Court of Texas, and relies upon the case of Howard v. United States, 184 U. S. 676, 22 S. Ct. 543, 46 L. Ed. 754. In that case suit was brought on the bond of the clerk of a circuit court to recover money deposited with the clerk and embezzled by him. It was the duty of the clerk to receive and deposit officially all sums paid to him. The bond was in favor of the United States only, but the Supreme Court held that, by clear implication arising from various statutes enacted by Congress, the bond was intended to indemnify any person dealing with the clerk in his official capacity and injured through a breach of his official duty. This case states a general rule, but it is not in point.

All states have the right to license pilots for waters within their territorial jurisdiction, and it may be safely assumed that all states do so. It is not unusual to require a

516

bond of a pilot as a prerequisite to the issuance of a license, but in this case it is difficult to conjecture what official duties are intended to be covered by the bond. None are imposed by the laws of Texas. A pilot's license is a certificate of competence, but certainly the state does not assume any responsibility for his errors of judgment or negligence. A pilot, after receiving his license, is at liberty to pursue his vocation or not, as he sees fit. He is under no legal obligation to accept employment from anyone. In piloting a vessel he is not discharging any official duty. He is acting merely in a private capacity as a servant of her owner. Sherlock v. Alling, 93 U. S. 99, 23 L. Ed. 819.

There can be no liability on an official bond, unless there is a breach of official duty. It is clear that in this case the surety is not liable on the bond for damages occasioned by the negligence of the principal. As a judgment had been recovered against Megee, the surety is the real defendant.

The record presents no reversible error.

Affirmed.