### AMERICAN INDEMNITY CO. v. YOCHAM.
#### No. 2580.

Court of Civil Appeals of Texas. El Paso. Oct. 15, 1931.

Rehearing Denied Nov. 5, 1931.

Collins, Jackson & Snodgrass, of San Angelo, for appellant.

W. C. Jackson, of Ft. Stockton, for appellee.

HIGGINS, J.

This is a suit by the appellee to recover damages for unlawful arrest and false imprisonment brought against Hugh Gillespie, city marshal and chief of police of the city of McCamey, and the surety upon his official bond, the American Indemnity Company. Judgment was rendered against the said defendants for $1,500, from which the surety appeals.

McCamey is a city of more than five thousand inhabitants. An ordinance of the city requires the marshal to give bond payable to the city in the sum of $10,000, conditioned on the faithful performance of his duties as marshal. Section 2 of the ordinance provides that the city marshal shall be the chief of police. The bond sued upon is not conditioned as required by the ordinance, nor as required by article 999, Revised Statutes, which likewise requires the marshal to give bond for the faithful performance of his duties. This, however, is immaterial, for the obligors in a bond executed pursuant to statute are presumed to have known the terms thereof; to have contracted accordingly, and the terms of the statute are regarded as a part of the bond. Fidelity, etc. v. Prassel, etc. (Tex. Civ. App.) 24 S.W.(2d) 539; Trinity, etc., Co. v. Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483; Van Zandt v. Desdemona, etc. (Tex. Civ. App.) 283 S. W. 626.

This is perhaps also true of the ordinance.

However, the rule is that the sureties upon an official bond are not liable to third persons for the wrongful acts of the officer in the performance of his duties, in the absence of a statute or ordinance imposing such liability. Clough v. Worsham, 32 Tex. Civ. App. 187, 74 S. W. 350; United States F. & G. Co. v. Jasper, 56 Tex. Civ. App. 236, 120 S. W. 1145; United States F. & G. Co. v. Crittenden, 62 Tex. Civ. App. 283, 131 S. W. 232; Carr v. City of Knoxville, 144 Tenn. 483, 234 S. W. 328, 19 A. L. R. 69; City of Eaton Rapids v. Stump, 127 Mich. 1, 86 N. W. 438, 89 Am. St. Rep. 451; Moody v. Megee (D. C.) 31 F.(2d) 117; Id. (C. C. A.) 41 F.(2d) 515; 46 C. J., page 1076.

No ordinance of the city of McCamey is shown imposing such liability, nor are we aware of any statute authorizing such suits by third persons against the sureties upon an official bond of a marshal and chief of police. Appellee cites a number of cases where the sureties upon the bonds of sheriffs were held liable for the wrongful acts of such officers. But these cases have no application, for the reason that, prior to the present revision of the statutes, suits were authorized against sureties upon the official bonds of sheriffs by any person injured. Article 7121, R. S. 1911. A like provision was contained in article 7141, R. S. 1911, relating to the bonds of constables. These provisions relating to such suits seem to be omitted from the corresponding articles of the present revision. See articles 6866 and 6881.

We thus have here a situation where the appellee seeks to recover against the surety upon the official bond of the city marshal and chief of police, payable to the city of McCamey, and no ordinance of the city authorizing such suit by third persons, nor any statute authorizing the same, and under the authorities cited above the action cannot be maintained against the surety.

In this connection the appellant cites Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 463, and Riter v. Neatherly, (Tex. Civ. App.) 157 S. W. 439. The first-mentioned case was against the chief of police of the city of El Paso and the sureties upon his official bond to recover damages for false imprisonment. In that case the broad statement was made that for all defaults of a public officer, within the limit of what the law authorizes or enjoins upon him as such officer, the sureties on his official bond are liable. But the sureties were held not liable because the officer was not acting within the scope of his authority.

In Riter v. Neatherly, the sureties upon the official bond of the city marshal were held liable in damages for an unlawful arrest and imprisonment, but the principle announced in the cases first above cited is not referred to.

The report of Gold v. Campbell and Riter v. Neatherly does not disclose whether there were ordinances which authorized such suits. We are unable to determine whether they conflict with the view which we have. In any event, we think the rule of decision announced in the cases first cited is correct, from which

it follows that the judgment herein against the appellant cannot be sustained. Accordingly, it is reversed and here rendered in its favor. The judgment against Gillespie is not disturbed.