### LANEY v. RUSH et al.

#### No. 5254.

Court of Civil Appeals of Texas. Amarillo.
May 19, 1941.

Rehearing Denied June 16, 1941.

R. G. Smith, of Lubbock, for appellant.

Bradley & Wilson, of Lubbock, for appellees.

FOLLEY, Justice.

The appellant, John B. Laney, sued the appellees, O. E. Bush and Melvin Alvey, alleged to be policemen of the City of Lubbock, Texas, and W. H. Rogers, city manager, and the Aetna Casualty and Surety Company, surety on the official bond of the city manager, to recover $50 actual damages and $3,000 exemplary damages in connection with a shooting affray in Lubbock when the policemen, Rush and Alvey, attempted to arrest Laney. A general demurrer filed by the appellees addressed to the appellant's petition was sustained by the trial court, and upon appellant's declining to amend the suit was dismissed, from which judgment this appeal is prosecuted.

Heretofore on April 14, 1941, we handed down our opinion affirming the trial court's judgment in so far as the Aetna Casualty and Surety Company is concerned, but we reversed the judgment and remanded the cause in so far as Rush, Alvey and Rogers are concerned. The latter parties have filed a motion for rehearing, and upon more mature deliberation we have reached the conclusion that the judgment should also have been affirmed in so far as the city manager, W. H. Rogers, is concerned. Our former opinion is withdrawn and this opinion is substituted.

The appellees challenge the brief of appellant for its failure to contain assignments of error and statements from the record in support of the propositions presented. If the trial court erred in sustaining the general demurrer and dismissing the suit, his action constitutes fundamental error, in which case the form of the brief and the absence of assignments of error become immaterial. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

The appellant alleged in substance that on the night of February 5, 1939, he was driving an automobile belonging to his brother on Broadway Street in Lubbock toward College Avenue when the appellees, Rush and Alvey, who were then on duty as police officers of such city and pursuing the appellant in another car, while attempting to arrest the appellant in line of their duty, "did recklessly, wilfully and maliciously and with intent to, or with reckless and wilful disregard whether they did, kill or maim and seriously injure the plaintiff (appellant), open fire upon the plaintiff with a loaded revolver of heavy and deadly calibre"; that one of the bullets fired from said revolver struck and penetrated the metal exterior of the car appellant was driving at a point in a direct line with appellant's body; that such bullet lodged in the wooden framework of the seat upon which the appellant was sitting at a point where it would have entered the body of the appellant if it had penetrated the framework; that by reason of said acts of the appellees the appellant was "placed in great fear and apprehension for his life and suffered great nervous and mental shock not only at the time but for some days thereafter"; that by reason of the premises the appellant had sustained actual damages in the sum of $50; and that by reason of the wilful and malicious acts of the appellees he was entitled to recover exemplary damages in the sum of $3,000.

The appellant further alleged that W. H. Rogers, was the city manager of Lubbock and charged with the supervisory duty and authority of seeing that the laws and ordinances of the City of Lubbock were enforced; that he was invested with the duty and authority of management, control and supervision, with power of dismissal, over all the police officers of the city, including Rush and Alvey, who were his deputies; that the unlawful, malicious and wrongful acts of Rush and Alvey were the acts of Rogers, and that all three of such appellees were joint tort-feasors; and that in the alternative Rogers "knew and was aware of the fact which is herewith averred, that said defendants, O. E. Rush and Melvin Alvey, were malicious, dangerous, reckless and neg-

ligent men incompetent and unfit to serve as such police officers of the city, not only at the time of the commission of the aforesaid wrongful acts upon the plaintiff but for a long period of time prior thereto and were likely to commit the aforesaid wrongful and malicious acts, and yet he, the said W. H. Rogers wrongfully and negligently selected, employed, retained, approved and maintained them as such police officers and as his agents, deputies and servants in said job of enforcing the laws and ordinances of said city".

The appellant also alleged that the Aetna Casualty and Surety Company, at the time of such wrongful conduct of the policemen, was surety on the official bond of W. H. Rogers in the sum of $5,000 wherein it undertook and agreed to pay the City of Lubbock such sum of money conditioned that Rogers should faithfully account for all monies and things of value coming into his hands as such official, and, by reason of Section 30 of Article IX of the charter of the city, such bond was further conditioned as implied in law that he should faithfully discharge and perform his duties as such official; that such bond was made payable to the City of Lubbock but for the benefit of the appellant who is the real party in interest; and that the wrongful, unlawful and tortious acts of W. H. Rogers, through his deputies, Rush and Alvey, constituted a breach of the condition of such surety bond upon which the Aetna Casualty and Surety Company became liable to pay the appellant his alleged damages. Such were the allegations of the appellant upon which the demurrer was sustained. The appeal, therefore, presents but one question and that is whether or not a cause of action was alleged.

It is an elementary rule that exemplary damages may not be recovered unless actual damages are suffered. 13 Tex. Jur. 240, para. 132. It will therefore be necessary to determine whether or not the appellant has alleged a cause of action for actual damages. It is apparent from the above allegations that the appellant seeks to recover actual damages solely for fright or mental shock suffered by him at the time of the alleged wrongful conduct and "for some days thereafter". He does not allege that any other physical injury resulted by reason of the alleged wrongful acts of the policemen nor by reason of the fright or mental shock. The issue is thus reduced to the liability of the appellees for fright and mental shock alone.

It is the general rule that damages may be recovered for mental suffering accompanying physical injuries negligently inflicted. Gulf, C. & S. F. R. Co. v. Hayter et al., 93 Tex. 239, 54 S.W. 944, 47 L.R.A. 325, 77 Am.St.Rep. 856. It is also the rule in this jurisdiction that recovery may be had for physical injuries resulting from fright or mental suffering caused by the wrongful act or omission of another provided the act or omission is the proximate cause of the injury. Hill et al. v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618. When the cause of action is founded solely on negligence, it is the further rule that no recovery can be had for mere fright or mental suffering alone unless such fright or mental suffering is either attended or followed by some other injury. Gulf, C. & S. F. R. Co. v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am.St.Rep. 866. The recovery as against Rush and Alvey in the instant case, however, is not predicated upon negligence alone but upon wilful, wanton and malicious wrongs amounting to an assault. There is authority to the effect that where an assault is wilfully, wantonly or maliciously committed, and especially where its obvious purpose is to wound, humiliate or oppress another, recovery may be allowed for mental anguish proximately resulting from the wrong regardless of whether or not other physical harm resulted. Lonergan v. William Small & Co., 81 Kan. 48, 105 P. 27, 25 L.R.A.,N.S., 976; 11 A.L.R. 1141; 40 A.L. R. 986; 76 A.L.R. 685; Waube v. Warrington, 216 Wis. 603, 258 N.W. 497, 98 A.L. R. 394.

The last above mentioned rule seems to prevail in Texas. Davidson v. Lee, Tex. Civ.App., 139 S.W. 904, writ refused; Leach v. Leach, 11 Tex.Civ.App. 699, 33 S.W. 703, writ refused; 13 Tex.Jur. 221, para. 118; 4 Tex.Jur. 977, para. 111; 4 Tex.Jur. 1006, para. 137; 13 Texas Law Review 245.

In the Davidson v. Lee case it is said (139 S.W. at page 907):

"The third and fourth assignments complain of the refusal of special charges submitting to the jury the question of whether the plaintiff had received any physical injury, and instructing them that if they found he had received no such injury they should find for the defendant.

494

"There is no merit in any of these assignments. The rule that damages cannot be recovered for mental suffering unaccompanied by physical injury is not applicable when the wrong complained of is a willful one intended by the wrongdoer to wound the feelings and produce mental anguish and suffering, or from which such result should be reasonably anticipated, as a natural consequence."

In the Leach v. Leach case we find this language: "It is insisted that the Trott Case, 86 Tex. 412, 25 S.W. 419 [40 Am.St. Rep. 866], is authority for the proposition that, without a battery, no such injury results to the person from an assault as will warrant the recovery of compensation for mental suffering. Such misinterpretation of that decision seems to us as clearly inadmissible as the proposition itself is unreasonable. An assault and an assault and battery violate alike the right of personal security, and are attended with like injuries to the person, differing only in the extent thereof. This right may be violated, and the person injured, without touching the body. False imprisonment is usually effected by means of an assault without a battery, and yet it is as old as the action itself to allow damages as compensation for the humiliation involved."

The rule thus announced is not without criticism nor is it universally followed in all the jurisdictions. See annotation 23 A.L.R. 361 et seq. However, since the Davidson and Leach cases, supra, have the approval of the Supreme Court, we are constrained to follow the mandate of our court of last resort. We therefore hold that in so far as the appellees, Rush and Alvey, are concerned the appellant has alleged a cause of action for actual damages. San Antonio Traction Co. v. Crawford, Tex. Civ.App., 71 S.W. 306; Stein v. Greenebaum, Tex.Civ.App., 203 S.W. 809; Sisler et al. v. Mistrot et al., Tex.Civ.App., 192 S.W. 565; Western Union Telegraph Co. v. Bowdoin, Tex.Civ.App., 168 S.W. 1; Erwin v. Milligan, 188 Ark. 658, 67 S.W.2d 592; Atlanta Hub Co., Inc., v. Jones, 47 Ga.App. 778, 171 S.E. 470; Carter v. Oster et al., 134 Mo.App. 146, 112 S.W. 995; Rogers v. Williard, 144 Ark. 587, 223 S.W. 15, 11 A.L.R. 1115; 15 Am.Jur. 596, para. 179; 17 C.J. 838, § 158; 25 C.J.S., Damages § 70.

Under the above rule that no recovery can be had for mere fright and mental suffering alone when the cause of action is predicated solely upon negligence, we are of the opinion the appellant has alleged no cause of action against the appellee, W. H. Rogers. It will be seen that the cause of action asserted against Rogers is founded solely upon negligence. It is not alleged that he in any manner acted with malice toward the appellant or that he was present at the time of the assault and participated therein or that he directed or commanded the policemen to commit the acts alleged or that he ratified or approved their conduct. If it is true as alleged that Rogers knew Rush and Alvey were malicious, reckless and negligent men, incompetent and unfit to serve as police officers of the city, and being cognizant of such facts he employed and retained them as such officers, still, such conduct would do no more than convict Rogers of negligence, which under the law would not warrant a recovery against him in the absence of some injury other than fright or mental suffering. Gulf, C. & S. F. R. Co. v. Trott, 86 Tex. 412, 25 S.W. 419, 40 Am. St.Rep. 866. We therefore conclude there was no error in the court's sustaining the general demurrer of W. H. Rogers and dismissing the suit as to him.

Having held that no cause of action was alleged against the city manager, it follows that none was alleged against the surety company upon his official bond. In this connection we are further of the opinion that if a cause of action had been alleged against the city manager the allegations of the appellant are insufficient to charge the surety company. As above indicated, the appellant seeks to recover against the surety company upon the city manager's bond by reason of the provisions of the bond itself and by reason of a section of the city charter of Lubbock which he alleges impliedly became a part of the bond. The provisions of the bond relied upon were to the effect that the surety company guaranteed the payment to the city of all monies and things of value coming into the hands of the city manager in his official capacity. The provision of the charter relied upon by the appellant was alleged to be Section 30 of Article IX, which he asserts required the city manager to execute a bond conditioned upon the faithful discharge of his duties as such official. There was no allegation of any ordinance or resolution of the city imposing upon the surety company any liability to third persons not parties to such bond, and there is no statute of the State of Texas creating such liability. There-

fore, under the law of this State no liability of the surety company is shown by the appellant's allegations. United States Fidelity & Guaranty Co. v. Crittenden et al., 62 Tex.Civ.App. 283, 131 S.W. 232; American Indemnity Co. v. Yocham, Tex.Civ. App., 42 S.W.2d 817, writ refused; United States Fidelity & Guaranty Co. v. Jasper et al., 56 Tex.Civ.App. 236, 120 S.W. 1145; Clough et al. v. Worsham et al., 32 Tex. Civ.App. 187, 74 S.W. 350, writ denied.

From what we have said it follows that we conclude the trial court erred in sustaining the general demurrer and dismissing the suit in so far as the appellees O. E. Rush and Melvin Alvey are concerned, but there was no error in sustaining the general demurrer and dismissing the suit with reference to the city manager and the surety company.

The motion for rehearing is granted in behalf of the appellee Rogers and is overruled in so far as Rush and Alvey are concerned.

The judgment in favor of W. H. Rogers and the Aetna Casualty and Surety Company sustaining the general demurrer and dismissing the suit as to such parties is affirmed.

The judgment of the trial court sustaining the general demurrer of the appellees Rush and Alvey and dismissing the suit as to them is reversed and the cause remanded.

Judgment affirmed in part and reversed and remanded in part.