

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 17, 2017

The Honorable Martin Placke
Lee County Attorney
200 South Main Street, Room 305
Giddings, Texas 78942

Opinion No. KP-0139

Re: The type of bond required for a county attorney who performs the functions of both a county and district attorney (RQ-0132-KP)

Dear Mr. Placke:

You tell us that in Lee County, "the prosecution of all criminal offenses is consolidated into the office of county attorney" and that "[a]s a result, the elected county attorney and his or her assistants serve in the role of both a county and a district attorney."[1] Given that the prosecutor holds only the title of county attorney, you ask which officeholder bond the law requires of that individual: a county attorney bond, a district attorney bond, or both. *See* Request Letter at 3. You also ask whether the bond requirement would "follow to his or her assistant prosecutors." *Id.*

Article V, section 21 of the Texas Constitution requires the election of a county attorney in every county that does not have a resident criminal district attorney. *See* TEX. CONST. art. V, § 21 (providing that "[a] County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county"). Lee County does not have a resident criminal district attorney. *See* TEX. GOV'T CODE § 44.001 (omitting Lee County from the list of counties in which voters elect a criminal district attorney). The constitution charges county attorneys with representing "the State in all cases in the District and inferior courts in their respective counties," except where the county is "included in a district in which there shall be a District Attorney." TEX. CONST. art. V, § 21. The provision for a district attorney is discretionary with the Legislature. *See id.* ("The Legislature may provide for the election of District Attorneys . . . as may be deemed necessary . . . ."). When the Legislature provides for a district attorney, it must allocate the various prosecutorial responsibilities between the district attorney and the county attorney. *See id.* (providing that "if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature").

Lee County is in the 21st Judicial District, which also includes Bastrop, Burleson, and Washington counties. TEX. GOV'T CODE § 24.122(a) (establishing the 21st Judicial District). The Legislature provided for the election of a district attorney in the 21st Judicial District by the voters of only Washington and Burleson counties, charging the elected district attorney with the

---

[1]*See* Letter from Honorable Martin Placke, Lee Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Sept. 30, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

representation of "the state in that district court only in those counties." *Id.* § 43.108(a). Thus, in Lee County, no district attorney exists. Instead, the county attorney retains his or her original duty under the constitution to "represent the State in all cases in the District and inferior courts" of Lee County. TEX. CONST. art. V, § 21; *see also* TEX. GOV'T CODE § 45.244 ("The county attorney of Lee County represents the state in all matters pending before the district courts in Lee County."); 36 David B. Brooks, *Texas Practice Series: County & Special District Law* § 21.3 (2d ed. 2002) ("There is no such office as a combined 'county and district attorney.'").

Keeping these duties in mind, we turn to the official bond the county attorney executes, which is "payable to the governor in the amount of $2,500, with at least two good and sufficient sureties to be approved by the commissioners court of the county." TEX. GOV'T CODE § 45.001(a). The duties of an officeholder, as set forth in statute, "are regarded as part of the bond." *Am. Indem. Co. v. Yocham*, 42 S.W.2d 817, 818 (Tex. Civ. App.—El Paso 1931, writ ref'd); *see also Miller v. State*, 53 S.W. 2d 792, 793 (Tex. Civ. App.—Amarillo 1932, writ ref'd) ("The statute . . . upon which such a bond rests and to which it relates becomes a part of the bond to the same extent as though incorporated in the instrument and should be read into it regardless of the intention of the parties."). Because the Legislature delegated no portion of the Lee County Attorney's statutory and constitutional duties to a district attorney and instead kept such duties with the Lee County Attorney, and because the county attorney bond covers all such duties, a court would likely conclude that a separate district attorney bond is unnecessary. Thus, the Lee County Attorney must execute only a county attorney bond.

Next, we address your question regarding whether this bond requirement "follows" to the assistant prosecutors in your office. *See* Request Letter at 3. Authority for the appointment of assistant attorneys by the Lee County Attorney derives from two separate sections of the Government Code. First, section 45.002 of the Government Code provides for the appointment of assistant county attorneys. *See* TEX. GOV'T CODE § 45.002. "The qualifications for an assistant county attorney are the same as for the county attorney who appoints him." *Id.* § 45.002(a). However, this office previously determined that the "qualifications" to which this provision refers do not include the posting of an official bond. Tex. Att'y Gen. Op. No. O-3448 (1941) at 3 (discussing predecessor statute). Second, subsection 41.102(a) of the Government Code authorizes a prosecuting attorney to employ assistant prosecuting attorneys. TEX. GOV'T CODE § 41.102(a); *see also id.* § 41.101 (defining "prosecuting attorney" to include a county attorney for purposes of Government Code chapter 41, subchapter B). "A prosecuting attorney may require his assistant prosecuting attorneys . . . to have a bond in the amount that the prosecuting attorney sets." *Id.* § 41.104. Thus a court would likely conclude that while the official bond required of the county attorney does not follow to his or her assistant prosecutors, the county attorney may require his or her assistant prosecutors to post a bond at his or her discretion.

## S U M M A R Y

The Legislature delegated no portion of the Lee County Attorney's statutory and constitutional duties to a district attorney and instead kept such duties with the Lee County Attorney. Because the county attorney bond covers all such duties, a court would likely conclude that a separate district attorney bond is unnecessary. Thus, the Lee County Attorney must execute only a county attorney bond.

A court would likely conclude that while the official bond required of the county attorney does not follow to his or her assistant prosecutors, the county attorney may require his or her assistant prosecutors to post a bond at his or her discretion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee