MARY A. CANTRELL *against* WILLIAM C. CONNER, Sheriff, &c.

(Decided April 5th, 1875.)

When several persons occupy distinct and several apartments in the same house, and hire from a landlord who also resides in the house, the house is the dwelling-house of the landlord, and the street door is the outer door of all the tenants living in the house, and a sheriff who lawfully enters through such outer door may break open the doors of an apartment occupied by any tenant, in order to levy an execution on the goods of such tenant in the room.

APPEAL from judgment of the Third District Court, dismissing complaint.

J. F. DALY, J.—The action was against the sheriff for trespass in breaking the outer door of plaintiff's dwelling, to make a levy and remove plaintiff's goods, under an execution against her property.

The plaintiff hired from Mrs. Brown the three front rooms on the second floor of No. 306 East 114th street, and placed her

goods, consisting of household furniture, in those apartments. When the sheriff's deputies came to the house, she was absent with her family, the rooms were locked up and she had the key. The Mrs. Brown from whom she hired, occupied the back apartments of No. 306 East 114th street. The testimony in the case does not show who occupied the other portions of the house, and contains no other evidence as to who was the owner or landlord of the whole premises.

The trespass complained of was the breaking of the door leading to the apartments hired by the plaintiff. If the landlord or owner did not live in the house, but let the apartments in it to different tenants, then the apartments occupied by each tenant were the dwelling-house of such tenant, and the doors of such apartments were the outer doors of such dwelling (*Rex* v. *Rogers*, 1 Leach, 89 ; *Rex* v. *Carroll*, 1 Leach, 237 ; *Trapshaw's Case*, Id. 427). But if the landlord or owner live in the house with his tenants, the case would be different (*Lee & Gansel's Case*, Cowper, 2, 4 ; *Rex* v. *Rogers*, 1 Leach, 89). The language of the cases gives the reason for the distinction. In *Rex* v. *Rogers* it is said : " The shop and parlor rented by the prosecutor, were the dwelling-house of the prosecutor, and could not be the dwelling of the owner, as he did not inhabit any part of it. But if the owner had inhabited any part of the house, it would have been otherwise, for the renters would have been lodgers or inmates, and it must be charged to be the dwelling of the owner."

In *Lee & Gansel's Case*, Holt, J., is reported to have said that if the inmates have several rooms in a house of which they keep the keys and inhabit them with their families, yet, if they enter into the house at one door with the owner, these rooms cannot he said to be the dwelling-houses of the inmates.

In *Rex* v. *Carroll*, the house belonged to one Nash, who did not live in any part of it himself, but let the whole of it out in separate lodgings from week to week. John Jordan had two apartments in the house, viz. : a sleeping room up one pair of stairs and a workshop in the garret, which he rented as tenant at will of Nash. The workshop was broken open by the prisoner and robbed, and it was held that, as Nash, the owner,

Cantrell v. Conner.

did not inhabit any part of it, the apartment was the dwelling-house of Jordan, and the prisoner was convicted of burglary in " breaking into the dwelling-house of Jordan."

In *Trapshaw's Case*, it appeared that the house was situated in the Temple Mews, and belonged to the Earl of Radnor, who let the whole of it out in lodgings. It was occupied by three families, and had only one outer door, which was common to all the inmates. James Linney, the prosecutor, rented the parlor on the ground floor and a single room upstairs. The parlor was broken open by the prisoner and robbed, and it was held a breaking of the dwelling-house of Linney. The court say : " The owner of the house is the lord of it, but having relinquished every part of it to the habitation of others, it cannot with any propriety be considered as his mansion or dwelling-house. The entirety which resides with him is split into several possessions, and every apartment being in a distinct and several occupation, is the distinct mansion house of its respective possessor."

In the case at bar the plaintiff could have shown who was the landlord or owner of the house, and whether such landlord or owner resided in the house. The evidence on this point is that the plaintiff hired from Mrs. Brown, who lived in the house. The only inference from this proof is that Mrs. Brown was the landlord or landlady, as the hiring was from her. She lived in the house, and under the cases the street door was the outer door of her dwelling-house, and the other families " entered at one door with her" (*Lee & Gansel's Case, supra*). The breaking of this outer door was not shown, and as the sheriff entered thereat lawfully, the breaking of the inner door or doors of plaintiff's apartments to levy on her goods under execution against her property, was no trespass (Crocker on Sheriffs, § 320, and cases there cited).

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.