## J. W. Hillman v. T. S. Edwards et al.

### Decided February 8, 1902.

**1.—Levy of Execution—Sheriffs.**

A levy made by unauthorized force is void and the officer is liable therefor.

**2.—Same—Entry Into Dwelling by Force.**

Although an officer has in his hands an order of court for the sale of specific property upon which a lien has been foreclosed, he has not the right to make a forcible entry into the dwelling of the defendant for the purpose of seizing the property, nor the right to climb through an open window of the dwelling, if that is an unusual place of entry.

**3.—Same—Re-Entry by Force.**

Where an officer has effected a lawful entry into a dwelling house and thereby acquired the right to use all necessary force in making the levy, and he voluntarily leaves without doing so, he is not entitled to re-enter the house by force.

Error from Bowie. Tried below before Hon. J. M. Talbot.

*Smelser & Mahaffey,* for plaintiff in error.

*P. A. Turner,* for defendants in error.

RAINEY, CHIEF JUSTICE.—Plaintiff in error brought this suit against T. S. Edwards, sheriff of Bowie County, and his official bondsmen; Charles Gallagher, his deputy, and Thomas and John Goggan, to recover damages for an alleged trespass and forcible entry into plaintiff's private dwelling and the unlawful seizure and conversion of a piano. Actual damages was sought against all, and exemplary damages against all except the bondsmen of the sheriff.

Upon a trial before a jury under peremptory instruction of the court a verdict was rendered for the defendants and judgment entered accordingly, from which this error is prosecuted.

The action of the court in instructing a verdict is assigned as error. The facts, in substance, are that Thomas & John Goggan recovered a judgment against plaintiff, J. W. Hillman, for balance due on the piano and foreclosing a lien thereon with order of sale, etc. An order of sale was issued and placed in the hands of defendant Gallagher, deputy sheriff. Armed with this writ he went to the dwelling of plaintiff, plaintiff at the time being absent. Gallagher went to the front door, which opened into a hall, and knocked. Mrs. Duke, a married daughter of plaintiff, came out of the door of her room, which opened into the hall. The deputy stepped into the hall through the door, which was open, and informed Mrs. Duke of his purpose in being there, and, according to his statement, began to read the order of sale. Mrs. Duke told him he would have to wait until her papa came home, which would be that afternoon. While they were talking Miss Inez Hillman came out of the room and told Mrs. Duke not to accept any papers, and said

to the deputy that he must leave and wait until her papa came home. Gallagher replied that he had come for the piano and must have it. Miss Inez then passed around Gallagher and out onto the front gallery and crossed an open hall and locked the door of the room where the piano was and put the key away. Gallagher followed and threatened to arrest her for resisting an officer. He demanded of her the key and threatened to arrest her if she refused, and also to break the door if it was not opened. After further parleying he left the building and sent one of the men he had brought with him to remove the piano for a screw driver in order to enter the room through a window and take off the keeper of the lock and open the door and take the piano out. When the party returned with the screwdriver he entered the room by climbing through an open window, removed the latch of the lock by unscrewing the top screw, opened the door, and had the piano removed. He then put the latch back and left it as he had found it. He states that he stood out in the yard while the party had gone after the screwdriver. One of the ladies says he went out of the front gate and walked up the sidewalk as though he was looking for something to break in the room. Plaintiff had previously told Gallagher that no one should enter his residence and take the piano unless he was paid back $110 he had paid on it, and that he would keep it until he paid off the judgment. The piano was sold under the order of sale and bid in by the Goggan Bros. Plaintiff gave notice at the sale that the levy was illegal.

It is a well settled rule of common law that in the execution of civil process an officer is not authorized to break open an outer door or raise a window or forcibly enter the dwelling house of the defendant in execution, used and occupied by as such by him, without his consent. If he gains admission without force, he may go from room to room or forcibly enter an inner room or break open trunks, wardrobes, etc., for the purpose of a necessary levy. 1 Freem. on Ex., par. 256; Murfree on Sheriffs, par. 268; Kelley v. Schuyler, 44 Law. Rep. Ann., 435; Itsley v. Nichols, 22 Am. Dec., 425; Swayne v. Mozner, 69 Am. Dec., 244; Snydacker v. Brosser, 99 Am. Dec., 551; People v. Hubbard, 35 Am. Dec., 628; State v. McPherson, 132 Ind., 371. Numerous other authorities might be cited, but this will suffice.

This is conceded by the able counsel for the appellee, but he insists that an exception exists to this general rule where the officer is commanded by the writ to seize specific property. Authorities are cited by counsel to support this contention, but in our opinion the great weight of authority, especially decisions of latter years, is to the contrary. Kelly v. Schuyler, 44 Law. Rep. Ann., 435; State v. McPherson, 132 Ind., 371; Swayne v. Mozner, 69 Am. Dec., 244; Snydacker v. Brosser, 99 Am. Dec., 551; 3 Freem. on Ex., par. 468; Murfree on Sheriffs, par. 268.

Mr. Freeman, in his excellent work on Executions (volume 3, paragraph 468), after stating the effect of the holding in Keith v. Johnson, 1 Danna, 604, which supports counsel's contention, says: "The more re-

cent decisions, however, indicate that in the absence of statutes specially authorizing it, an officer is in no case warranted in breaking into a dwelling for the purpose of serving any civil process, and hence that he. may not lawfully do so under an execution in replevin."

The common law action of replevin was to recover possession of specific property, and the writ issued therein commanded the sheriff to seize the identical property for which the action was brought to recover. The writ in this case has no greater force than the writ of replevin, and the cases cited hold that in the execution of the writ of replevin the officer can not effect a forcible entrance into the dwelling of the defendant in said writ for the purpose of seizing the property.

The next question is, did the officer in this case use such force as to make his action a trespass? It seems the test as to whether it was a trespass is analogous to that of burglary when the entry is made with intent to commit a crimanal offense. 2 Freem. on Ex., par. 256. Under our Criminal Code, article 842, relating to burglary, the entrance into a house at an unusual place with intent to commit a felony or theft constitutes a forcible entry. In construing this statute the Court of Criminal Appeals has held that it was a question of fact whether an open window is an unusual place of entry. Alexander v. State, 31 Texas Crim. App., 359. The testimony shows that the officer in making the levy climbed through an outer open window. Whether it was an unusual place is not shown by the evidence in the record. If it was an unusual place of entry, then the officer was not authorized to make the entry, unless, as contended by appellee, the officer had begun the levy and such entry was a continuation thereof. We are of the opinion that such contention should not be sustained. The evidence shows that the first entry into the house by the officers was lawful, and while in there he could have used the necessary force for the purpose of making the levy, but he did not do this, but saw proper to voluntarily leave the building, and when he did so, he lost the right to re-enter by force. That he intended when he left the house to re-enter did not preserve to him the right to afterwards make a forcible entry. If the levy was made by unauthorized force it was void, and the officer is liable therefor. 3 Freem. on Ex., par. 468.

For the reasons stated we think the court erred in instructing a verdict for appellees, and the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*