### BORDELON v. PHILBRICK et al.
### No. 2701.

Court of Civil Appeals of Texas. El Paso.
Sept. 15, 1932.

Rehearing Denied Oct. 6, 1932.

B. W. Ashworth, C. E. Farrall, and W. H. Hall, all of Dallas, for appellant.

W. R. Herring, of Dallas, for appellees.

PELPHREY, C. J.

Appellant, as plaintiff, sued appellee, A. G. Philbrick, and his surety, National Surety Company, in the county court at law, No. 1, Dallas county, Tex., seeking to recover the sum of $429.80, with interest.

Appellant alleged that Philbrick was the duly elected and qualified constable of justice precinct No. 7 of Dallas county during

the month of January, 1929, and that the National Surety Company was the surety on his official bond as such constable; that on the 3d day of January, 1929, a suit was filed in the justice court of said precinct No. 7 by Metropolis Company, a corporation, against appellant; that, upon affidavit and bond being filed, a writ of sequestration issued to Philbrick as constable directing him to take possession of certain enumerated personal property then in the possession of appellant; that the possession of said property was lawfully in appellant, and that he had a money interest therein in the sum of $329.80; that on January 19, 1929, another suit was filed by the same party against appellant and another writ of sequestration issued commanding Philbrick to take possession of certain other personal property to the possession of which he was lawfully entitled and in which he had an interest of $100; that Philbrick or one of his deputies took possession of the property under said writs; that Philbrick later resigned as constable, and was succeeded by Jim S. Dancer, who in turn was succeeded by L. C. Sport; that Philbrick did not deliver possession, either actual or constructive, of the property to his successor in office; that Philbrick either stored the property with the Metropolis Company, who disposed of the property while Philbrick was still constable, or negligently stored the property whereby same was lost and cannot be located; and that later the two cases were dismissed at request of the attorneys of the Metropolis Company, thereby entitling appellant to a return of the property or its value amounting to $429.80.

National Surety Company answered by general demurrer, special exceptions, and a general denial. Philbrick demurred generally and specially to the petition, generally denied the allegations thereof, and pleaded nonjoinder of his successor in office. National Surety Company also demurred generally and specially, and generally denied the allegations of the petition.

On motion of appellant, the court permitted the substitution of the state of Texas as party plaintiff. The state to maintain its suit for the use and benefit of appellant.

The cause was tried to a jury, but, upon the conclusion of the testimony, the court instructed the jury to return a verdict for both appellees. From the judgment rendered upon such instructed verdict this appeal is prosecuted.

While there are several questions presented in the briefs of the parties, yet we have concluded that only one need be considered. Appellant based his suit upon the bond entirely, and prayed for judgment against appellees as parties thereto; therefore, in order to recover, it is incumbent upon him to show a right under the bond.

Prior to the 1925 codification, the statute contained a provision allowing a party injured to recover on the official bond of a constable (article 7141, Revised Statutes 1911), but such provision was omitted from the 1925 Code (article 6881, Revised Statutes 1925).

Therefore, under the law as it now stands, third persons have no right of action on the official bond of constables, and the trial court properly instructed a verdict for appellees. American Indemnity Co. v. Yocham (Tex. Civ. App.) 42 S.W.(2d) 817 (writ refused).

The judgment of the trial court is accordingly affirmed.