sale in accordance with the notice referred to in the petition.

"Plaintiff's original petition was presented to the Court in Chambers on May 2, 1933, and a restraining order was issued, and on the 18th day of May, 1933, this Court issued a temporary injunction enjoining the defendant from selling the property referred to in plaintiff's petition for one hundred and eighty (180) days from and after May 2, 1933."

The certificate further shows that after the issuance of the temporary injunction the defendant filed a motion in the district court to dissolve the same, on the ground that House Bill No. 231 (Acts 1933, c. 102 [Vernon's Ann. Civ. St. art. 2218b]), recently enacted by the Legislature, being the Judicial Extension or Moratorium Act, was void and unconstitutional; whereupon the district judge, without passing upon the motion to dissolve, certified certain questions as to the constitutionality of said act and suspended further consideration of the case awaiting the reply to the certified questions from the Court of Civil Appeals.

It will be noted that while a temporary injunction was issued, from which an appeal lay to the Court of Civil Appeals under Revised Statutes, art. 4662, there was in fact no appeal therefrom by the defendant. No effort was made to seek a revision of the order granting the temporary injunction, except by the motion to dissolve. The revisory power of the district court over its own orders was invoked by the motion to dissolve, and that undetermined question is still within the jurisdiction of the trial court, undisposed of.

Upon receipt of the certified questions from the district judge, the Court of Civil Appeals certified the same to this court. The right of appeal from the order granting a temporary injunction having been waived by the filing of the motion to dissolve, and the latter not having been disposed of by the trial court by any order, judgment, or decree, there is no judgment in the case for the revision of which the appellate power of the Court of Civil Appeals, or of this court, can be invoked. Morrow v. Corbin, (Tex. Sup.) 62 S. W.(2d) 641; Republic of Texas v. Laughlin, Dallam, Dig. 412; Nash & Mabbit v. Republic. Dallam, Dig. 631.

We have to-day held that the act which authorized the proceeding in the instant case is unconstitutional and void, in so far as here involved. Morrow v. Corbin, cited above, not yet reported [in State reports].

Upon the authority of that case, and in accordance with rule 17 of the Rules of the Supreme Court, it is our duty to dismiss the certificate, and it is accordingly dismissed.

SINGER SEWING MACH. CO. et al. v. MENDOZA et al.

No. 9046.

Court of Civil Appeals of Texas. San Antonio.

April 19, 1933.

On Rehearing, June 28, 1933.

out of the justice court of Dallas county in a suit instituted by the Singer Sewing Machine Company against Mrs. Mendoza. The abuse of process was committed by Mussey and Wright in forcibly entering the dwelling of appellees for the purpose of seizing a sewing machine described in the writ of sequestration. There was evidence establishing the fact that Mrs. Mendoza and her daughters were assaulted by Mussey and Wright when they attempted to prevent the taking of the machine. The findings of the jury were favorable to appellees, and appellants have appealed.

It seems to be the adopted rule in this state that officers cannot break the outside doors of a dwelling to serve civil process. Thus the officers were trespassers in Mrs. Mendoza's house and did not have the right to use necessary force in making this seizure, and were therefore guilty of assault on appellees. Hillman v. Edwards, 28 Tex. Civ. App. 308, 66 S. W. 788.

The court, in special issue No. 5b, propounded to the jury the following question: "What amount of actual damages, if any, would, if paid now, reasonably compensate said plaintiff, Miss Aurora Mendoza, for such assault and battery? Answer stating amount." To which the jury answered: "$100.00." The court did not give the jury any measure of damages to govern them in answering this question. Appellants excepted to the question for such failure and omission, which was overruled by the court and exception reserved.

This action of the trial court constitutes error. City of Beaumont v. Dougherty (Tex. Civ. App.) 298 S. W. 631; Houston & T. C. R. Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073; Kansas City, M. & O. Ry. Co. v. Worsham (Tex. Civ. App.) 149 S. W. 755; Missouri, K. & T. Ry. Co. v. Beasley, 106 Tex. 160, 155 S. W. 183, 160 S. W. 471; 13 Tex. Jur. pp. 456–57; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Hutson v. Bassett (Tex. Civ. App.) 35 S.W.(2d) 231; Butler v. Herring (Tex. Civ. App.) 34 S. W.(2d) 307; sections 255 and 288, Spear's Law of Special Issues.

The same error was committed with reference to special issues Nos. 6b, 7b, 8b, and 9b.

The evidence in this case shows that Mussey and Wright, acting together, broke into the dwelling. The jury found that Mussey caused damages to the extent of $500 by so doing and that Wright, in a like manner, caused damages to the extent of $500. As a result of these findings a recovery was allowed in the sum of $1,000 against Duke Carver, Singer Company, and the bonding company. This undoubtedly was a double recovery; the breaking into the dwelling was

Eckford & McMahon, of Dallas, and Gus B. Mauermann and Birkhead, Beckmann & Stanard, all of San Antonio, for appellants.

G. Woodson Morris, A. G. McNeill, and Harry B. Berry, all of San Antonio, for appellees.

MURRAY, Justice.

Alphonse Mendoza and wife, Mrs. Aurora Mendoza, and their daughters, Aurora, Luz, and Olga Mendoza, appellees, brought this suit against Singer Sewing Machine Company, Duke Carver, as constable, W. H. Mussey and W. F. Wright, deputy constables, and Massachusetts Bonding & Insurance Company, as surety on the official bond of Duke Carver, constable, appellants. Appellees sought a recovery for abuse of process in the serving of a writ of sequestration issued

one act done by joint tort-feasors in furtherance of a common purpose and but one recovery could properly be allowed against the principals. City of Ft. Worth et al. v. Williams, 55 Tex. Civ. App. 289, 119 S. W. 137; Hall v. Jackson, 3 Tex. 305; Pinchain v. Collard, 13 Tex. 333.

The appellants Duke Carver and Massachusetts Bonding & Insurance Company should have been given judgment non obstante veredicto. A constable is not liable for the unauthorized and unratified acts of his deputies, even though they be official acts, and, of course, if Carver was not liable the bonding company could not be liable. We quote in part from 46 C. J. p. 1045, § 330: "The doctrine of respondeat superior applicable to the relation of master and servant does not apply to a public officer so as to render him responsible for the acts or omissions of subordinates whether appointed by him or not * * *." Clough v. Worsham, 32 Tex. Civ. App. 187, 74 S. W. 350. Article 6870, R. S. 1925, provides in effect that sheriffs shall be responsible for the official acts of their deputies, etc., but there is no such provision with reference to constables.

The holdings we have made on the above assignments of errors render all other assignments immaterial.

For the error pointed out, the judgment is reversed and the cause remanded.

## On Motion for Rehearing.

■ Appellants Duke Carver and Massachusetts Bonding & Insurance Company point out in their motion for rehearing that the facts in this case were fully developed on the trial and that it was unquestionably established that Duke Carver did not authorize or ratify the acts of his deputies in breaking into appellees' house and committing assaults, and in view of our decision herein this cause should be rendered as to these appellants. We agree with this contention.

■ In addition to the reasons given in our original opinion for not holding a constable liable for the unauthorized and unratified acts of a deputy is that a constable in this state does not have a free hand in "hiring" and "firing" his deputies. Article 6879, R. C. S. 1925, provides, in effect, that he can only nominate his deputies who must be approved and confirmed by the commissioners' court.

■ We also agree with appellant Massachusetts Bonding & Insurance Company in its contention that as the law now stands injured persons cannot maintain suits upon the official bonds of constables. This is the holding in Bordelon v. Philbrick (Tex. Civ. App.) 53 S.W.(2d) 94, also in American Indemnity Co. v. Yocham (Tex. Civ. App.) 42 S.W.(2d) 817 (writ refused). We are strengthened in this view by reason of the fact that the present Legislature (Acts 1933, c. 115 [Vernon's Ann. Civ. St. art. 6881]) has amended article 6881, R. C. S., to cure this very defect, which act has not yet become effective. We find as a part of the emergency clause of this act (Acts 1933, c. 115, § 2) the following: "And the further fact that no Constable can now be sued upon his bond by any person injured and recovery had against the sureties thereon * * * create and constitute an emergency. * * *"

Thus we find legislative recognition of this hiatus in the law.

Appellees have made certain conditional offers of remittitur which make it necessary for us to pass upon several assignments of error not passed upon in our original opinion.

■ The gist of the first proposition submitted by appellant Singer Sewing Machine Company is that it is not responsible for the acts of Hancock in assisting the officers in executing the writ of sequestration, because it neither authorized nor ratified such acts. We sustain this proposition.

■ Appellees alleged that Hancock was the agent of the Singer Sewing Machine Company and had authority to direct officers in the serving of process. If this allegation had been established by proof, it would have been sufficient to show that Hancock was acting in the scope of his employment when he accompanied the officers. The proof is that Hancock was employed as a salesman and collector for the company. His contract of employment is in writing and was introduced in evidence. It conclusively establishes that Hancock had no authority to direct officers in the serving of writs. The only possible additional authority which Hancock had is what might properly be deductible from the fact that the writ was given to him by the store manager of the Singer Company, with instructions to deliver it to the constable. This could not imply the power to direct the officers in the serving of same.

■ The evidence is also insufficient to show ratification on the part of the company. It is shown that Hancock took the two machines and stored them in the warehouse of the company. They were never returned and the company confessed judgment for the value of the two machines, and that part of the judgment is not appealed from herein. It is not shown that the company stored these machines otherwise than as a bailee of the officers serving the writ. There is no evidence that any one authorized to act for the company in its corporate capacity ever had any knowledge of the breaking into the dwelling or the assaults upon Mrs. Mendoza and her daughters prior to the filing of this suit in the district court.

The mere accepting of the machines and permitting them to be stored in the ware-

house is not sufficient to establish the fact that the company ratified the unlawful act of the deputy constables in breaking into the dwelling and committing assaults upon appellees.

██ Furthermore, it is not shown that Hancock participated in the unlawful breaking into the dwelling or in the making of various assaults. His mere presence would not render him even personally liable for the unlawful acts of the officers. In Modesett v. Emmons (Tex. Civ. App.) 286 S. W. 276, 281, the court uses the following language: "It requires some overt participation, or some form of encouragement, in the commission of the offensive act to inculpate one occupying the place of Modesett in this case. His mere intellectual assent, or unexpressed sympathy with the wrongdoer, is not sufficient. Hence we conclude that the judgment against Modesett for the wounding of Mrs. Emmons is not sustained by the evidence."

In the above case Modesett had caused a writ of sequestration to issue and had accompanied the officer to Emmons' house where it was to be served. While serving the writ the officer unlawfully assaulted Mrs. Emmons by shooting her in the arm.

██ ██ Objection and assignments of error are made by all of appellants to the instruction given in the charge following issues 1b and 3b, which is as follows: "In estimating such damages, if any, you may take into consideration—the wrong done (if the entry was by the use of such force) by so invading the home of said plaintiff, as well as alarm and fear, if any; and mental and physical suffering produced, if any, caused by such entry." The damage referred to in issue 1b is that caused by Mussey's breaking into the dwelling and in issue 3b that caused by Wright's breaking into the dwelling. This instruction was improper. There is no pleading or proof to support physical suffering as a result of the entry into the dwelling. Secondly, the court treats the entry of Mussey as a separate tort from the entry of Wright. The evidence shows, and the jury found, that Wright and Mussey entered the dwelling through the front door about the same time. In allowing a recovery for alarm and fear, the trial court does not tell the jury that in answering issue 1b they must not consider the alarm and fear caused by Wright, and in answering issue 3b the jury are not instructed to exclude the fear and alarm caused by Mussey; but the jury are permitted to charge all the alarm and fear caused by the entry against Mussey and to also charge all of same against Wright, and the sum total of these two amounts is charged up against the other appellants, except that such sum is scaled down as against the bonding company so as not to exceed the amount stat-

ed in the bond. This is, of course, double recovery. It is clear that there is no intelligent way to determine how much of the alarm and fear was caused by Mussey and how much was caused by Wright. If Mussey and Wright be regarded as separate tort-feasors, they nevertheless in this particular produced a joint and inseparable damage which cannot be intelligently apportioned between them.

We adhere to our former holding in this case, except that this cause will not be remanded as to appellants Duke Carver and Massachusetts Bonding & Insurance Company, but judgment will be here rendered for them that appellees take nothing as against them.

Appellees' motion for rehearing will be overruled. Appellants Duke Carver and Massachusetts Bonding & Insurance Company's motions for a rehearing will be granted.