## HAHN et al. v. GRAYBAR ELECTRIC CO.

### No. 2842.

Court of Civil Appeals of Texas. El Paso.

May 18, 1933.

Rehearing Denied June 15, 1933.

E. A. McDaniel, of McAllen, for plaintiff in error.

Fred J. Dudley & Associates, of Dallas, for defendant in error.

HIGGINS, Justice.

E. L. Hahn, constable, and Chas. M. Rich, surety upon his official bond, prosecute this writ of error to review a judgment rendered against them in favor of defendant in error. The latter was the plaintiff in an execution delivered to Hahn, and the judgment complained of is based upon a motion by defendant in error setting up a failure and refusal to sell certain property upon which the execution had been levied by a deputy of Hahn.

The only point presented is that under the present codification the constable and his surety are not liable upon the constable's official bond for the default complained of; that the motion is subject to general demurrer and will not support the judgment rendered. In support thereof, plaintiffs in error cite Bordelon v. Philbrick (Tex. Civ. App.) 53 S.W.(2d) 94. The case cited was a suit by the defendant in writs of sequestration against a constable and the surety upon his official bond to recover the value of certain property seized under the writs in which property the plaintiff was interested. The suits in which the writs were issued had been dismissed and the property had been lost by the constable. Upon the authority of American Indemnity Company v. Yocham (Tex. Civ. App.) 42 S.W. (2d) 817, it was held that under the present codification the action could not be sustained upon the constable's official bond.

But this writ of error presents an entirely different question. The judgment here is based upon a motion under article 3825, R. S. which provides a summary remedy in favor of a plaintiff in an execution against an officer and the sureties upon his official bond where the officer to whom such writ has been delivered fails or refuses to levy upon or sell any property subject to execution when the same might have been done. Roos v. Garner (Tex. Civ. App.) 45 S.W.(2d) 633; Burkett v. Simmons Hardware Co. (Tex. Civ. App.) 52 S.W.(2d) 675.

The Bordelon and American Indemnity Company cases, supra, have no present application, and the point presented by the plaintiffs in error is untenable.

Affirmed.