ALPHOSE MENDOZA ET AL V. SINGER SEWING MACHINE COMPANY.

No. 6622.   Decided July 3, 1935.
Rehearing overruled October 9, 1935.
(84 S. W., 2d Series, 715.)

G. *Woodson Morris*, A. G. *McNeill* and *Harry B. Berry*, all of San Antonio, for plaintiff in error.

The constable is responsible for the wrongful acts of his deputies. State v. Johnson, 52 S. W. (2d) 110; Thomas v. Kinkead, 55 Ark., 502, 15 L. R. A., 558, 18 S. W., 854.

The damages awarded was not a double recovery. Rowan v. Daniel, 49 S. W., 686; City of Ft. Worth. v. Williams, 119 S. W., 137.

*Eckford & McMahon*, of Dallas, for defendant in error, Singer Sewing Machine Company, *Gus B. Mauermann*, of San Antonio, for defendants in error Carver, Mussey, and Wright, and *Birkhead, Beckmann, Standard & Vance*, of San Antonio, for defendant in error Massachussetts Bonding and Insurance Company.

Supreme Court will not consider errors not properly assigned in motion for rehearing in Court of Civil Appeals. Maddox v. Clark, 107 Texas, 212, 175 S. W., 1053; Reese v. Lee (Com. App.), 267 S. W., 671; Roth v. Murray, 105 Texas, 6, 141 S. W., 515.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The parties will be designated as in the trial court. The plaintiffs were Mrs. Aurora Mendoza, joined by her husband, and their three daughters, Aurora, Luz and Olga. They sued Singer Sewing Machine Company, Duke Carver, as constable, W. H. Mussey and W. F. Wright, as deputy constables, and

Massachussetts Bonding & Insurance Company, as surety on the official bond of Duke Carver. The facts as alleged by plaintiff and as found by the jury were substantially these:

Under a writ of sequestration issued out of the justice court of Dallas County Mussey and Wright, the deputies of Duke Carver, went to a house occupied by Mrs. Mendoza and her children for the purpose of taking possession of a sewing machine described in the writ. They were accompanied by J. W. Hancock, a representative of Singer Sewing Machine Company. In their efforts to obtain the machine, the deputies broke open the front door of the house and made an assault upon Mrs. Mendoza as well as upon the three daughters. It was alleged that Mussey, Wright and Hancock, the last as representative of the Singer Sewing Machine Company, acted jointly and severally in committing the trespass and assaults. The jury found that Mussey and Wright, in breaking open the house and in making the several assaults, were engaged in the performance of official duties under the writ of sequestration.

Judgment was entered by the trial court as follows:

In favor of Mrs. Mendoza for $500.00 for the forcible entry made by Mussey, such judgment being against Mussey, Carver, Singer Sewing Machine Company and the Surety Company; in favor of Mrs. Mendoza for $500.00 for the assault upon her by Mussey, such recovery being against the parties above named; in favor of Mrs. Mendoza for $500.00 for the forcible entry by Wright, such judgment being against Wright, Carver, the Singer Sewing Machine Company and the Surety Company; in favor of Mrs. Mendoza for $100.00 for the assault upon her by Wright, such judgment being against the parties last above mentioned; in favor of each of the three daughters for $100.00 each for the assault upon them by Mussey and for $100.00 each for the assault upon them by Wright; the recoveries being in each instance against Mussey and Wright, respectively, and against Carver, the Singer Sewing Machine Company and the Surety Company. The judgments against the Surety Company were prorated so that the aggregate would not exceed the amount of the bond, towit, $1500.00.

Apparently none of the findings of the jury were attacked, but the various defendants based their appeals upon questions of law. The Court of Civil Appeals on original hearing reversed and remanded the case for various errors enumerated in the opinion. 62 S. W. (2d) 656. One of the holdings by the court in its original opinion was stated in this language:

"The appellants Duke Carver and Massachussetts Bonding

& Insurance Company should have been given judgment non obstante veredicto. A constable is not liable for the unauthorized and unratified acts of his deputies, even though they be official acts, and, of course, if Carver was not liable the bonding company could not be liable. We quote in part from 46 C. J., p. 1045, sec. 330: 'The doctrine of respondeat superior applicable to the relation of master and servant does not apply to a public officer so as to render him responsible for the acts or omissions of subordinates whether appointed by him or not * * *.' Clough v .Worsham, 32 Tex. Civ. App., 187, 74 S. W., 350. Article 6870, R. S., 1925, provides in effect that sheriffs shall be responsible for the official acts of their deputies, etc., but there is no such provision with reference to constables."

In due time plaintiffs (appellees in the Court of Civil Appeals) filed their motion for rehearing, assigning error to the holding of the court above set out. The defendants Carver and Surety Company also filed motions for rehearing, insisting that under the foregoing holding of the court there could be no liability against them and that the court should reverse and render judgment·in their favor. This motion was by the court sustained, and on rehearing the court wrote an opinion giving additional reasons why it adhered to its former conclusion.

1 It is first asserted by counsel for Carver and Surety Company that this court should not consider any of the assignments of error as to them, because plaintiffs should have filed a second motion for rehearing complaining of the action of the Court of Civil Appeals in reversing and rendering the judgment. It is obvious to us that the effect of the original holding set out above was to declare that as to the constable and the surety on his bond plaintiffs had no cause of action, and the decision was in effect a reversal and rendering of the case, although the formal order was merely to reverse and remand. We therefore conclude that the timely complaint in motion for rehearing of this ruling and holding of the court was a substantial compliance with the rules and this court is entitled to .consider the assignments in the petition for writ of error complaining of the holding of the Court of Civil Appeals as set out above.

Under the findings of fact made by the Court of Civil Appeals on motion for rehearing as to the relationship between Hancock and the Singer Sewing Machine Company, and as to the part Hancock took in the alleged trespass and. assaults, which findings were not complained of by motion for rehearing in the Court of Civil Appeals and are not complained of in the

petition for writ of error, judgment should be rendered in favor of the Singer Sewing Machine Company.

2 It having been found by the jury that defendants Mussey and Wright were acting in their official capacity as deputies of Constable Carver under a writ of sequestration which was apparently perfectly valid, it is well settled that the constable and the surety on his bond are liable to plaintiffs for damages. 57 Corpus Juris, pp. 797 to 799, sec. 194; 12 A. L. R., pp. 981-982; 1 A. L. R., pp. 236 to 256; Charles M. Rich et al v. Graybar Electric Co., 125 Texas, 470, 84 S. W. (2d) 708, this day decided by this court, and T. A. Bordelon v. A. G. Philbrick et al., 125 Texas, 460, 84 S. W. (2d) 710, this day decided by this court. In the last mentioned case we have overruled the decision of the Court of Civil Appeals in 53 S. W. (2d) 94, and have shown that the case of American Indemnity Co. v. Yocham, 42 S. W. (2d) 817, has no application in a case of this kind.

It has been definitely settled that a sheriff or constable is liable for acts of his deputy similar to those here alleged where the deputy acts under a writ or in furtherance of his official duties. Luck v. Zapp, 1 Texas Civ. App., 528, 21 S. W., 418; King v. Brown, 100 Texas, 109, 94 S. W., 328; State v. Beckner, 132 Ind., 371, 31 N. E., 950, 32 Am. St. Rep., 263; Palmer v. King, 41 App. (D. C.) 419, L. R. A., 1916D, 278, and Annotations, and Ann. Cases, 1915C, 1139, and Annotations.

The Court of Civil Appeals erroneously adopted the rule of law quoted from Corpus Juris (46 C. J., 1045, sec. 330) pertaining to public officers as distinguished from sheriffs and constables. The section quoted from itself says: "But officers are liable to individuals for the acts of their deputies when such officers owe a duty to such individuals. This rule is particularly applied in cases of sheriffs."

3 We disagree with the holding of the Court of Civil Appeals that constables are not liable for the acts of their deputies, because they do not have a free hand in hiring and firing of deputies. We think the law contemplates that the appointment of deputies by constables is voluntary on their part, and they are entitled to exercise their power of choice in the selection of the men appointed, although it may be necessary for the commissioners court to approve and confirm the appointments.

4 As the jury found that Mussey and Wright were acting in their official capacity as deputies of Carver under a writ of sequestration, their acts were his acts for which he is liable,

and as it was expressly alleged that they were acting jointly in effectuating the purpose of the writ, it is obvious that an award of damages for their acts separately constituted a double recovery.

We therefore approve the holding of the Court of Civil Appeals in this respect, and also on the questions concerning the measure of damages.

5 The weight of modern decision is in favor of the proposition that in a case of this kind the deputy is personally liable as well as the constable and the surety on his official bond. Reichman v. Harris, 252 Fed., 371. The acts of the parties should, however, be regarded as one act, and not several acts, and the trial court, in the event of another trial, should be careful not to permit but a single recovery, which may be adjudged against the defendants jointly and severally.

The judgment of the trial court and of the Court of Civil Appeals as to Singer Sewing Machine Company are hereby set aside and judgment is here rendered in its favor. The judgments of the trial court and the Court of Civil Appeals as to W. H. Mussey, W. F. Wright, Duke Carver and as to Massachusetts Bonding & Insurance Company are set aside, and as to them the cause will be reversed and remanded for a new trial.

The plaintiffs in error should pay all costs of appeal in the Court of Civil Appeals and all costs in this court so far as defendant in error Singer Sewing Machine Company is concerned. The defendants in error Duke Carver, W. H. Mussey, W. F. Wright and Massachusetts Bonding & Insurance Company should pay all costs in this court incurred as to them.

Opinion adopted by Supreme Court July 3, 1935.

Rehearing overruled October 2, 1935.