**Nelson Lee BURNETT, Plaintiff,**

v.

**Herman SHORT, Joe H. Dickerson and J. E. Wiggins, Defendants.**

**Civ. A. No. 68–H–269.**

United States District Court,
S. D. Texas,
Houston Division.

April 2, 1970.

David J. Nagle, Houston, Tex., for plaintiff.

Homer T. Bouldin, Senior Asst. City Atty., Houston, Tex., for defendants.

NOEL, District Judge.

MEMORANDUM:

In this action against the Chief of Police and two peace officers in the Police Department of the City of Houston, plaintiff seeks compensatory and punitive damages for alleged physical brutality incident to an arrest. Defendants have moved that the action be dismissed for want of jurisdiction and for failure to state a claim upon which relief could be granted, or in the alternative that this Court in its discretion decline to exercise its jurisdiction for the reason that adequate remedies in the state courts are available to plaintiff. The motion is well taken and will be granted.

Plaintiff asserts a cause of action under 42 U.S.C. §§ 1983, 1985, and invokes jurisdiction under 28 U.S.C. § 1343. He alleges that the police conduct incident to his arrest violated his rights under the 4th, 6th, and 14th amendments of the federal constitution, as well as rights guaranteed by the constitution and laws of the State of Texas. As he has also alleged that the police officers acted under color of state law, this Court has jurisdiction of the claim alleged under § 1983. Harkless v. Sweeny Ind. School Dist., 300 F. Supp. 794, 800 (S.D.Tex.1969). However, it is unnecessary to determine whether jurisdiction over the § 1985 claim exists, for plaintiff's spare conclusory allegations fail to state a cause of action. Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969).

Defendants also assert that plaintiff has failed to state a cause of action against the police chief. In this regard, also, their motion appears to be well taken. See Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969), and cases cited. However, because this claim must, in any event, be dismissed because state remedies are adequate, I deem it appropriate to leave the question of the chief's liability, as well as that of the other two defendants, to the state courts. By reference to the Texas statutes, e. g., Vernon's Ann.Tex.Rev.Civ.Stat. arts. 998, 999, 1015(18), 1269m, and the ordinances of the City of Houston, those courts may determine the degree of supervision and control the chief was required to exert over the conduct of the other defendants, and then apply the general principles of tort law, cf. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961), to ascertain whether the chief breached any duty owed plaintiff.

The remaining issue is whether plaintiff's claim should be dismissed because he has not pursued it in state court. Only recently, in Schwartz v. Galveston Ind. School Dist., 309 F.Supp. 1034 (S.D. Tex.Feb. 2, 1970), I held that suits under § 1983 may be brought only if state remedies to redress the official wrongs complained of are inadequate. I said there that state remedies should be considered adequate if state courts would hear claims similar to the federal claim presented under § 1983 "with as compassionate a concern as a federal court would, and suffer from no shortcoming not shared by federal courts which might prevent them from reaching a just result." Id. at 1043. It remains to apply this standard to the police tort alleged by this plaintiff.

The remedy provided by the State of Texas to persons wronged by unlawful police action is a tort claim to be prosecuted in district court. City of Garland v. White, 368 S.W.2d 12, 16 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.). The right to bring such suits against various public officials for police torts has been frequently recognized. See, e. g., Black v. Baker, 130 Tex. 454, 111 S.W.2d 706 (1938); Mendoza v. Singer Sewing Mach. Co., 125 Tex. 639, 84 S.W.2d 715 (1935); City of Garland v. White, supra; Eubanks v. Wood, 304 S.W.2d 567 (Tex.Civ.App.— Eastland 1957, writ ref'd n. r. e.); Tabor v. McKenzie, 49 S.W.2d 874 (Tex. Civ.App.—Waco 1932, no writ); Locke v. Bralley, 50 S.W.2d 410 (Tex.Civ.App. —Fort Worth 1932, no writ). And the reported decisions reflect that the courts are receptive to complaints by parties plaintiff that trial procedures are unfair. See, e. g., Tabor, supra, 49 S.W.2d at 879–880. Upon examination of the Texas authorities, I conclude that state remedies available to plaintiff are equivalent to the federal remedy provided by § 1983. He therefore must pursue his claim in state court, not here.

Alternatively, because plaintiff is not entitled to require the convening of a three-judge court, this case is one in which requiring exhaustion is appropriate even if § 1983 does not always permit such a requirement. Schwartz v.

Galveston Ind. School Dist., *supra*, 309 F.Supp. at 1045; see King v. Smith, 392 U.S. 309, 312, n. 4, 88 S.Ct. 2128, 20 L. Ed.2d 1118 (1968).

In the further alternative, assuming that exhaustion may not be required in the ordinary case, I conclude that because the regulation of the conduct of its peace officers is so important to the State of Texas, this case is not an ordinary one. Texas peace officers must know what standard of conduct is required of them when they are risking their lives in the performance of their official duties. If the lower federal courts entertain suits for police torts, uncertainty and confusion are inevitable. *Accord*, Note, Limiting the Section 1983 Action in the Wake of Monroe v. Pape, 82 Harv.L.Rev. 1486, 1493–94 (1969). Such should be avoided, if avoidance is possible within our federal system. The lives of our police and the protection of our individual rights demand no less.

■ And the federal system permits the safeguarding of federally protected rights within a framework permitting states the freedom themselves to regulate the conduct of their peace officers. Section 1983 permits a federal court to require exhaustion only if federally protected rights will receive adequate consideration when asserted in state proceedings. Review of state decisions is provided in the Supreme Court of the United States. Cases involving police torts should be first litigated in state, not federal court. For this reason, also, the motion to dismiss should be granted.

For the foregoing reasons,

(1) Plaintiff's claim under 42 U.S.C. § 1985 is dismissed for failure to state a cause of action; and

(2) Plaintiff's claim under 42 U.S.C. § 1983 is dismissed for failure to exhaust state judicial remedies.

The clerk will file this Memorandum, which constitutes findings of fact and conclusions of law on the issues disposed of herein, and send a copy to counsel for each party.