

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 12, 1974

The Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas 78701

Opinion No. H- 449

Re:     May an officer force his
way into a person's resi-
dence to seize property
that is subject to a writ
of attachment or other
similar process, and
related questions.

Dear Mr. Granger:

You have requested our opinion concerning the execution of process
in civil cases. Your first questions are:

> May an officer force his way into a person's
> residence to seize property that is subject
> to a writ of attachment or other similar pro-
> cess? May he do so in order to eject a party
> from the premises pursuant to a writ of resti-
> tution obtained in a judgment in a forcible entry
> and detainer action?

The specific question of an officer's authority in the execution of writs
for personal property was decided in Hillman v. Edwards, 66 S. W. 788
(Tex. Civ. App., 1902, no writ). The court stated the rule to be:

> It is a well-settled rule of common law
> that in the execution of civil process an officer
> is not authorized to break open an outer door,
> or raise a window, or forcibly enter the dwelling
> house of the defendant in execution, used and
> occupied as such by him, without his consent. If
> he gains admission without force, he may go from
> room to room, or forcibly enter an inner room, or
> break open trunks, wardrobes, etc., for the pur-
> pose of a necessary levy. Id at 789.

Hillman is the only Texas case in which this issue has been decided but the rule has more recently been acknowledged in Attorney General Opinion M-285 (1968), and in Singer Sewing Machine v. Mendoza, 62 S. W. 2d 656 (Tex. Crim. App. --San Antonio, 1933), rev'd. on other grounds, 84 S. W. 2d 715 (Tex. 1935).  In the latter case, officers who forcibly entered a dwelling to serve a writ of sequestration were acknowledged to be liable for abuse of process and assault, and the issues on which the case was reversed involved only the joint liability of third parties.

While the rule is not frequently discussed in reported cases, it is generally recognized in United States jurisdictions.  The most recent application of the rule is found in Vanden Bogert v. May, 55 N. W. 2d 115 (Mich. 1952).  See 33 C. J. S. Executions Sec. 96 (1942); 30 Am. Jur. 2d Executions Sec. 261 (1967); 52 Tex. Jur. 2d Sheriffs, etc. Sec. 30 (1964).

In Hillman the court rejected a contention that there is an exception to the rule where specific personal property is sought, and held that in no case may an officer break into a dwelling to seize personal property under civil process.

In the case of the execution of a valid writ or order of a court to evict the possessor of land or put another in possession, an officer may, after making a fruitless demand for the possessor to remove himself, employ such force to the person of the possessor or to the premises as is reasonably necessary to carry out the court's order.  Semayne's Case, 5 Coke 91b (King's Bench 1603); Howe v. Butterfield, 4 Cush. 302, 50 Am. Dec. 785 (Mass. 1849); Fry v. Taylor, 138 A. 138 (Conn. 1927); Nourse v. Lycett, 159 A. 277 (Conn. 1932); State v. Frandsen, 30 P. 2d 371 (Wash. 1934); 3 Freeman on Executions, Sec. 473 (3rd ed. 1900); 3A Thompson on Real Property, Sec. 1370 (1959); 1 Harper & James, The Law of Torts, Sec. 1. 19 (1956); Restatement (Second) of Torts,

Sec. 210 (1965); cf. Patton v. Slade, 38 S. W. 832 (Tex. Civ. App.,
1897, no writ) (writ of sequestration); Modesett v. Emmons, 292 S. W.
855 (Tex. 1927).

You further ask whether the type of dwelling involved is of sig-
nificance. The rule regarding execution on personal property is stated
in terms prohibiting the breach of the outer door of a dwelling. Despite
some authority to the contrary, in the case of a building leased in distinct
portions to several tenants where the outer door of the building and hall-
ways are used in common, the doors leading into a tenement or apart-
ment in the sole and exclusive possession of a tenant are to be regarded
as outer doors which an officer has no right to break open. Swain v.
Mizner, 8 Gray 182, 69 Am. Dec. 244 (Mass. 1857); Schork v. Calloway,
265 S. W. 807 (Ky. 1924); 30 AM. JUR. 2d, Executions, Sec. 262 (1967);
33 C. J. S. Executions, Sec. 96 n. 67, p. 242 (1942); Annot.,57 A. L. R. 210,
216 (1928); Contra Cantrell v. Conner, 6 Daly 39 (N. Y. 1875).

Your next question asks what alternatives are available when a
defendant avoids execution by refusing to allow the officer to enter his
dwelling. In light of our answer concerning an officer's authority pur-
suant to a writ of restitution to obtain possession of real property, we
limit our answer to executions on personal property in a dwelling.

Without attempting to exhaust all possible alternatives, we note
the following: In a proper case, a defendant may be held in constructive
contempt for disobedience of process. The procedure to be followed is
set out in Ex Parte Pyle, 133 S. W. 2d 565 (Tex. 1939). See also, Ex parte
White, 229 S. W. 2d 1002 (Tex. 1950). See generally, H. Lowe, REMEDIES
ch. 4, Contempt, § 541 et seq., (2d ed. 1973); 4 R. STAYTON, TEXAS
FORMS, ch. 20, Contempt, § 2081 et seq. (1959 & Supp. 1974). When
personal property has "especial value" to the plaintiff, that is, value
other than monetary, Ex Parte Prickett, 320 S. W. 2d 1 (Tex. 1958), the
court may award a special writ for the seizure and delivery of the property
to the plaintiff and may enforce its judgment by attachment, fine and
imprisonment. Rule 308, Tex. R. Civ. P.

Depending on the facts of the particular case, the defendant's conduct
may constitute a criminal offense, such as hindering secured creditors,
Sec. 32.33, V. T. P. C., or theft on a conversion theory, Sec. 31.03, V. T. P. C.

## SUMMARY

An officer may not break into a dwelling in order to execute a writ on personal property. He may employ such force as is reasonably necessary to carry out a court order concerning possession or restitution of real property. An uncooperative defendant may be held in constructive contempt. A special writ may issue for personal property of "especial value" to the plaintiff, and refusal to deliver secured personal property may constitute a criminal offense.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg